JOHN J. SHAUBUT *vs.* ST. PAUL & SIOUX CITY RAILROAD COMPANY.

May 1, 1875.

Abutter on part of a Street not entitled to Injunction or Damages against one who Unlawfully Obstructs a different part of the same Street.—Plaintiff is owner and occupant of an unplatted tract of land, adjoining a platted tract, and abutting, in part, upon the head of a street, laid out on such platted tract. *Held,* 1. That plaintiff, simply as owner and occupant aforesaid, has no estate or interest in a part of such street upon which his tract does not abut, and that, therefore, he cannot complain of obstructions placed and maintained in such part by a railroad company, upon the ground of an appropriation of the same, without compensation to him made or secured.

2. That the injury suffered by the plaintiff, in consequence of the obstructions, being an injury in common with the public, the only difference between the two being a difference in degree, not in kind, the obstructions, (if a nuisance at all,) are a public nuisance only, and therefore to be removed and enjoined through a proceeding by the public or its proper representative, and that as they have occasioned plaintiff no injury which the law regards as peculiar or special, he has no action for private damages on their account.

Plaintiff, as owner of certain land in the city of Mankato, on which he resided, abutting on the head of Washington street, and marked as his on the diagram contained in the following opinion, brought this action in the district court for Blue Earth county, to restrain defendant from continuing to obstruct that part of Washington street, between the southerly halves of blocks 45 and 46, and the corresponding portion of Spring street, and for damages already sustained by him by reason of such obstructions.

The action was tried before *Page*, J., who found, (with other facts,) that defendant had made an excavation across Washington street, in which it had built a side track, (indicated by dotted lines on the diagram,) some two or three feet below the grade of the street, and had constructed a turn-table in Spring street, and had left its cars standing across both streets, and had left timber and other incumbrances in Washington street; that the acts of defendant in obstructing and incumbering Washington street, interfered with and prevented the free use and enjoyment by plaintiff of his said premises and residence; that he had thereby sustained special damages, not common to the public; that the turn-table and side track were necessary to the operation of defendant's railroad, but that it was not necessary for defendant to obstruct Washington street, by the excavation, or the other incumbrances mentioned.

As conclusions of law, the judge found that the acts of defendant, in placing permanent obstructions in said street, were unlawful; that plaintiff was entitled to judgment requiring defendant to remove from Washington street, between the southerly halves of blocks 45 and 46, all the obstructions except the side track, and to restore the street

to a suitable condition for use by plaintiff and the public, as a highway; to a perpetual injunction restraining defendant from incumbering or obstructing the street, at the point named, in any manner that should prevent the free use thereof as a highway, except by the passage of trains over the track and side track, in the ordinary course of defendant's business; and to judgment for one hundred dollars damages, and the costs of suit. Judgment was entered in accordance with the findings, and defendant appealed.

*M. J. Severance*, for appellant.

*Brown & Wiswell* and *F. G. Brown*, for respondent.

BERRY, J. The premises to which the present controversy relates, are part of the city of Mankato, and are represented on the diagram on the opposite page.

So far as this appeal is concerned, the plaintiff may be regarded as bringing this action as owner and occupant of the land designated as his upon the diagram, (and in no other right,) to recover damages for, and to remove and to enjoin the continuance of obstructions placed by defendant in that part of Washington street lying between the southerly halves of blocks 45 and 46.

From the facts shown by the diagram, we may draw two inferences, which are not disturbed by any other facts disclosed in the case. The first inference is that plaintiff, simply as owner and occupant of the land designated as his upon the diagram, is not owner of any estate or interest in the part of Washington street lying between the southerly halves of blocks 45 and 46, for his land does not abut upon it. He cannot, therefore, complain of the obstruction in question upon the ground that defendant has appropriated that part of Washington street, without making or securing compensation to him for the same.

The second inference is that the injury which plaintiff suffers, in consequence of the obstructions, is an injury in common with the public at large, the only difference between the injury suffered by him and that suffered by the public being a difference in degree, not in kind. What might be

the plaintiff's rights, if the obstructions had the effect to cut off access to his land, we need not enquire, since both the diagram and the testimony in the case show that he has that access, through other streets, without the necessity of passing over the obstructed portion of Washington street.

So far, then, as plaintiff's rights in this action are concerned, the obstructions, (if a nuisance at all,) are a public

nuisance only, and therefore to be removed and enjoined through a proceeding by the public, or its proper representative ; and as the obstructions have occasioned him no injury which the law regards as peculiar or special, the plaintiff has no action for private damages on their account. *Dawson* v. *St. Paul F. & M. Ins. Co.*, 15 Minn. 136 ; *Blood* v. *Nashua & Lowell R. Co.*, 2 Gray, 137 ; *Harvard College* v. *Stearns*, 15 Gray, 1. Judgment reversed.