FRANK SHERO *vs.* ANTHONY CAREY and another.

July 13, 1886.

Action for Obstructing Highway—Complaint held not to show Special Injury.—Complaint, in a private action for obstructing a highway, *held* insufficient in the necessary averments of special damage, although it alleged generally that plaintiff was compelled to travel by longer and worse roads, could reach certain places only by trespassing upon private lands, and was prevented from marketing his farm produce.

Appeal by defendants from an order of the district court for Benton county, *Collins,* J., presiding, overruling a demurrer to the complaint.

*Oscar Taylor,* for appellants.

*D. W. Bruckart,* for respondent, cited *Baxter* v. *Winooski Turnpike Co.,* 22 Vt. 114, (52 Am. Dec. 84;) *Park* v. *C. & S. W. R. Co.,* 43 Iowa, 636; *Ewell* v. *Greenwood,* 26 Iowa, 377; *Hughes* v. *Heiser,* 1 Binney, 463, (2 Am. Dec. 459;) *Pittsburgh* v. *Scott,* 1 Pa. St. 309; *Chichester* v. *Lethbridge,* Willes, 71; *Stetson* v. *Faxon,* 19 Pick. 147, (31 Am. Dec. 123;) *Pierce* v. *Dart,* 7 Cowen, 609; *Iveson* v. *Moore,* 1 Ld. Raym. 486; *Francis* v. *Schoelkopf,* 53 N. Y. 152.

DICKINSON, J.   This is an appeal from an order overruling a demurrer to the complaint.   The complaint alleges the existence of a public highway across the plaintiff's farm, which is used as such, and a wrongful obstruction of it by the defendant at a point some distance away from the plaintiff's land.   The allegations in respect to the injury to the plaintiff are as follows:   "That in consequence thereof this plaintiff suffers special damages; that he has occasion, by reason of his business, to make frequent trips from his said premises with teams, to and from the village of Sauk Rapids, in said Benton county, and to and from the city of St. Cloud, in said state, and to other places, and by these obstructions he is compelled to go by a longer and worse road,—one very difficult to travel, and then only by trespassing upon other people's lands; that the said obstruction causes frequent delays and vexation, and is a continual annoyance to his

said enjoyment of his property, all to the special damage of one hundred dollars; that owing to said obstructions plaintiff cannot take or convey his grain, hay, or cattle to market, to his special damage of one hundred dollars."

Since the right of action by an individual for a public nuisance, such as the obstruction of a highway, is based solely upon the ground of special injury suffered by the individual, different, not merely in degree, but in kind, from that which every person in the community may be supposed to suffer from the interruption of the common right, it is essential that the facts showing such injury be set forth in the complaint; and a complaint defective in this shows no cause of action. *Shaubut* v. *St. Paul & S. C. R. Co.*, 21 Minn. 502; *Rochette* v. *Chicago, Mil. & St. Paul Ry. Co.*, 32 Minn. 201, (20 N. W. Rep. 140;) *Barnum* v. *Minnesota Transf. Ry. Co.*, 33 Minn. 365, (23 N. W. Rep. 538;) *Houck* v. *Wachter*, 34 Md. 265; *Powers* v. *Irish*, 23 Mich. 429; *Winterbottom* v. *Lord Derby*, L. R. 2 Exch. Cas. 316.

This complaint shows injury to the plaintiff such as the public generally may be presumed to suffer from the obstruction of a public way, but it is wanting in the essential averments of special and peculiar damage for which the plaintiff may recover compensation. It may be inferred, of course, that the inability of the plaintiff to market his farm produce may result in such injury; but the general allegation in the complaint is insufficient as an averment of special damages actually suffered. The same may be said of the averment that he can reach certain localities "only by trespassing upon other people's lands." The complaint is very similar to the declaration in *Houck* v. *Wachter, supra,* which was held insufficient upon demurrer.

The demurrer was well taken, and the order overruling it must be reversed.