## Morris, Appellant, *v.* Philadelphia.

| 199      357|
|   26 SC ¹172|
| ¯199     357|
| e 27 SC  343|
| 199      357|
|   32 SC  334|

*Road law—Vacation of street—Dedication.*

Where ground covered by a street is conveyed to the city of Philadelphia "to have and to hold . . . . to the same extent and to the same effect as if the said street had been opened by a decree of the court of quarter sessions for the county of Philadelphia upon proceedings had for that purpose under the road laws of the commonwealth of Pennsylvania," the deed gives to the city the same power over the street, that it has over a street opened by adverse legal proceedings, and the right of the city to narrow or vacate such a street by ordinance of councils and action of the board of surveyors is beyond doubt, and the liquidation or payment of damages is not a prerequisite to a legal vacation.

Where a person buys land fronting on a street without notice that his grantor had by an unrecorded deed dedicated the street to public use, and it appears that the street as originally opened and as described in the deed of dedication was forty feet wide, the city by ordinance of council and by action of the board of surveyors, and without payment of damages may plot the street on the city plan as of the width of thirty feet, and the owner cannot by a bill in equity enjoin the city from so doing. For any injury he may sustain by reason of the narrowing or vacation, he has an adequate remedy at law.

Argued April 2, 1901. Appeal, No. 361, Jan. T., 1900, by plaintiff, from decree of C. P. No. 2, Phila. Co., March T., 1900, No. 483, dismissing bill in equity in case of J. Cheston Morris v. The City of Philadelphia, William C. Haddock, Director of Public Works and William H. Brooks, Chief of Bureau of Highways. Before McCollum, C. J., Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity for an injunction to restrain a city from vacating a portion of a street and changing its lines, and also for a decree declaring a deed of dedication void and of no effect.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*William S. Morris* and *G. Heide Norris*, for appellant.—Injunction is the proper remedy to prevent the unlawful and un-

authorized acts of a municipality: Curwensville's App., 129 Pa. 74; Large v. Phila., 3 Phila. 382; Heyl v. Phila., 29 Legal Int. 317; Ridge Ave. Pass. Ry. Co. v. Phila., 30 Legal Int. 148; Sower v. Phila., 35 Pa. 231.

A municipal corporation cannot vacate a street laid out by private persons. Having once accepted a dedication of a street so laid out, for public use, vacation can only be affected with the consent of the dedicator and by the judicial proceedings required by Act of May 8, 1854, P. L. 645 : Kelker v. Kepner, 1 Pears. 182; Rees v. West Penna. Exposition Society, 2 Pa. C. C. Rep. 385; Harrisburg's App., 10 Atl. Repr. 787; Unangst's App., 55 Pa. 128; Semple v. Cleveland, etc., R. R. Co., 172 Pa. 369; Shaaber v. Reading, 133 Pa. 653; Ruan St., 132 Pa. 277; Western Saving Fund Society v. Philadelphia, 31 Pa. 185; In re Potter's Field, 8 York Legal Record, 145; In re opening of Twenty-second Street, 102 Pa. 108; Reese's App., 12 Atl. Repr. 427; Stuber's Road, 28 Pa. 199; Krier's Private Road, 73 Pa. 109; In re Alley in Pittsburg, 104 Pa. 622; Henry Street, 123 Pa. 346; In re Askin's Lands, 41 Legal Int. 281; Swanson Street, 163 Pa. 323; In re Opening of Twenty-eighth Street, 102 Pa. 140; Wetherill v. Penna. R. R. Co., 195 Pa. 156.

A court of equity has jurisdiction to remove a cloud upon title : Dull's App., 113 Pa. 510.

The recording of subsequent titles to grantees unconnected by the record with the original title will not affect a purchaser: Lightner v. Mooney, 10 Watts, 407; Ebner v. Goundie, 5 W. & S. 49; Poth v. Anstatt, 4 W. & S. 307; Fries v. Null, 154 Pa. 573; Act of March 18, 1775, 1 Sm. Laws, 422; Act of May 25, 1878, P. L. 151; Duff v. Patterson, 33 W. N. C. 519.

*Francis L. Wayland*, assistant city solicitor, with him *John H. Maurer* and *John L. Kinsey*, city solicitor, for appellee.— In the case at bar, councils by ordinance approved in 1890 directed the board of surveyors of Philadelphia to revise plan No. 246, and in pursuance of such direction the board of surveyors in March, 1899, confirmed a plan whereon appeared Linmore street thirty feet wide, instead of as physically opened of widths varying from thirty, forty-two to forty-six feet. That action was in entire conformity with the law: Wetherill v.

Penna. Railroad Co., 195 Pa. 156; Greenough Street, 169 Pa. 210; McGee's Appeal, 114 Pa. 470; In re Cresson Street, 10 Pa. Superior Ct. 332.

OPINION BY MR. JUSTICE FELL, May 13, 1901:

The object of this bill was to enjoin the city from improving Linmore street on the lines established by the board of surveyors in pursuance of an ordinance of city councils. The plaintiff is the owner of properties fronting on the street, which he purchased in August, 1889, without notice that his grantor had dedicated the street to public use by deed dated July, 1888, accepted by the city May, 1890, and recorded in August of that year. The street as originally laid out varied in width at different points from thirty to forty-six feet. The deed of dedication described the street as of the uniform width of forty feet, and purported to convey the street as physically opened. A width of forty feet includes part of a lot purchased by the plaintiff, in front of which the street as opened was but thirty feet wide, and there were other but less material variations between the lines of the street as they existed when the plaintiff bought and the lines as fixed by the deed of dedication. In 1899 the board of surveyors made and confirmed a plan in which Linmore street is plotted of a uniform width of thirty feet, and shortened at one end seventy feet. The proposed improvement of the street is in conformity with this plan.

The substance of the plaintiff's contention is that, while the deed of dedication is inoperative and a cloud on his title as far as it conflicts with his rights as a purchaser without notice, it is in all other respects valid and effective; that the street as laid out has been dedicated by implication by the opening thereof and use for ten years and by the acceptance by the city as shown by legislation concerning it; that by both the express and the implied dedication the city covenanted to use and maintain the street as a public highway, and that it cannot now vacate it except in the manner provided by the act of 1854.

The ground covered by the street was conveyed to the city " to have and to hold, to the same extent and with the same effect as if the said street had been opened by a decree of the court of quarter sessions for the county of Philadelphia, upon proceedings had for that purpose under the road laws of the

commonwealth of Pennsylvania." The deed gave to the city the same power over the street that it has over a street opened by adverse legal proceedings, and the right of the city to narrow or vacate a street so opened under proceedings such as were instituted in this case is beyond doubt, and the liquidation or payment of damages is not a prerequisite to a legal vacation: Wetherill v. Penna. Railroad Co., 195 Pa. 156. As the street plotted on the city plan is wholly within the lines of the street as originally opened, no right of the plaintiff growing out of his purchase without notice of the deed to the city is interfered with. For any injury he may sustain by reason of the narrowing or vacation, he has an adequate remedy at law.

The decree sustaining the demurrer and dismissing the bill is affirmed.