JONAS GUILFORD v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY and Another.[1]

January 20, 1905.

Nos. 14,062—(161).

**Obstruction of Highway.**

> An action cannot be maintained by a private person for interference with or obstruction to a public highway unless he is thereby specially injured, and in a way not common to himself with the public at large.

**Special Injury.**

> The facts set forth in the complaint do not show that the plaintiff was specially injured in a manner different in degree or kind than the public generally, and therefore it fails to state a cause of action.

Appeal by plaintiff from an order of the district court for Hennepin county, Willard R. Cray, J., sustaining separate demurrers to the complaint interposed by defendants Minneapolis and St. Louis Railroad Company and City of Minneapolis. Affirmed.

*Jonas Guilford,* pro se.

*Albert E. Clarke, Frank Healy* and *L. A. Dunn,* for respondents.

LOVELY, J.

This is an appeal from an order sustaining a general demurrer to plaintiff's complaint.

It is substantially alleged in the complaint that the defendant railway company is a corporation organized under the laws of the state; that plaintiff is the owner of a portion of certain lots in Groveland Addition to Minneapolis, according to the recorded plat; that he is in possession

[1] Reported in 102 N. W. 365.

of this property, which was dedicated to the public; that the city be-came a trustee of such streets; that the dedication was accepted, and the streets used by defendant; that Lyndale avenue is another street, which terminated in Aldrich avenue (with a further description of other streets on the plat); that within the last ten years, from time to time the railroad company, by its servants, unlawfully entered upon a portion of Chestnut avenue, without the same having been vacated, which was no part of the railroad right of way, and has established thereon its railroad tracks, and has used the same continually, thereby excluding the public therefrom; that these tracks are not used for general railroad pur-poses, but to transport fuel in carloads to a private fuel company, by rea-son of which the entire public is excluded therefrom, including the plain-tiff, who has an easement in the street, and has a right to travel the same by reason of his ownership of a portion of the lots in Groveland Addi-tion; that plaintiff has demanded that the defendant remove the railroad from the streets, where it occupies the same, and asks in his prayer for relief that the railroad company and the city, which is also made a de-fendant, remove the tracks from Chestnut avenue, and for such further relief as may be just and equitable.

The complaint fails to set forth that plaintiff has suffered any special damages, different in kind or degree from those sustained by the general public, and it was conceded at the argument that he had not; but his contention here was that the city, as a trustee of the general public, was required to remove the tracks from Lyndale avenue, and that the rail-road company should, in plain terms, be ejected therefrom.

The rule is now well settled and established by numerous cases in this court that no action can be maintained by a private individual for interference or obstruction to a public highway, unless he is thereby specially injured, and in a way not common to himself and the public at large—different in kind and degree to his fellow citizens of the mu-nicipality. Shaubut v. St. Paul & S. C. R. Co., 21 Minn. 502; Rochette v. Chicago, M. & St. P. Ry. Co., 32 Minn. 201, 20 N. W. 140; Barnum v. Minnesota Transfer Ry. Co., 33 Minn. 365, 23 N. W. 538; Shero v. Carey, 35 Minn. 423, 29 N. W. 58; Thelan v. Palmer, 36 Minn. 225, 30 N. W. 670; Adams v. Chicago, B. & N. R. Co., 39 Minn. 286, 39 N. W. 629; Swanson v. Mississippi & R. R. Boom Co., 42 Minn. 532, 44 N. W. 986; Lakkie v. Chicago, St. P., M. & O. Ry. Co.,

44 Minn. 438, 46 N. W. 912; Gundlach v. Hamm, 62 Minn. 42, 64 N. W. 50; Long v. City of Minneapolis, 61 Minn. 46, 63 N. W. 174.

The right of action by an individual for a public nuisance in the construction of a highway, and hence to abate or remove the same, must be based upon the ground of special injury, or must arise upon such right; and it is essential that the facts showing the nature of his wrongs, and that they are different in kind and degree from those sustained by the general public, must be set forth in the complaint; and it discloses no cause of action unless it is so clearly expressed. Shero v. Carey, supra.

Order affirmed.