## WILLIAM H. VANDERBURGH v. CITY OF MINNEAPOLIS and Another.[1]

### June 15, 1906.

### Nos. 14,804—(80).

**Vacation of Street.**

Plaintiff owned certain lots fronting on First street in the city of Minneapolis. The city, by action of its council, vacated that portion of said street from the line of plaintiff's lots to the right of way and depot grounds of defendant railway company, thus cutting off plaintiff's right of ingress and egress from that direction and leaving his property fronting on a cul-de-sac or blind alley. *Held*, that by the vacation of the street plaintiff suffered an injury special and peculiar to his property, not common to the public at large, and is entitled to compensation under the provisions of our amended constitution which forbid the taking or damaging of private property for a public use without compensation.

**Consequential Damages.**

The street was not vacated immediately in front of plaintiff's lots, but from a line thereof to the west. No property was actually taken from him. The damages are consequential, and it was unnecessary, as a condition precedent to the right on the part of the city to vacate the street, that the damages be first ascertained and paid.

**Liability of City.**

The municipality is liable in an action for damages in such cases, and the constitutional rights of injured parties are thus fully protected.

**Same.**

This rule does not apply in cases where private property is actually taken for a public use, but only where the damages occasioned by the act of the public authorities are merely consequential.

**Complaint.**

Complainant *held* to state a cause of action against defendant city, but not against defendant railway company.

[1]Reported in 108 N. W. 480.

Action in the district court for Hennepin county against City of Minneapolis and Chicago Great Western Railway Co., to recover $20,000 for damages to plaintiff's land occasioned by the vacation of ·certain streets by the defendant city. The following diagram shows

·the location of the premises. From an order, Simpson, J., sustaining separate demurrers to the complaint interposed by defendants, plain-·tiff appealed. Reversed as to defendant city; affirmed as to defendant ·railway company.

*W. H. Vanderburgh,* pro se.

A right of way appurtenant to a lot is property and any injury to ·it is injury to property. Whatever interferes with a street and per-manently diminishes the value is as much a damage as injury to the ·land itself. Louisville v. Finley, 86 Ky. 294; Kane v. New York, 125 N. Y. 165; Lackland v. North Missouri, 31 Mo. 180; Sheehy v. Kan-.sas City, 94 Mo. 574; Spencer v. Metropolitan, 120 Mo. 154, 158;

Householder v. City, 83 Mo. 488; Tate v. Missouri, 64 Mo. 149; Lewis, Em. Dom. 175; Frater v. Hamilton, 90 Tenn. 661; Thurston v. City, 51 Mo. 510; Story v. New York, 90 N. Y. 122, 165; Prescott v. Edwards, 117 Cal. 298; Newell v. Sass, 142 Ill. 104; Common Council v. Croas, 7 Ind. 9; Schneider v. Jacob, 86 Ky. 101; Cole v. Hadley, 162 Mass. 579; In re St. Nicholas Terrace, 143 N. Y. 621; Moose v. Carson, 104 N. C. 431; Shields v. Titus, 46 Oh. St. 528; Ferguson's Appeal, 117 Pa. St. 426; Dobson v. Hohenadel, 148 Pa. St. 367; Hobson v. Philadelphia, 150 Pa. St. 595; Johnson v. Old Colony, 18 R. I. 642; Wolf v. Brass, 72 Tex. 133; Barbour v. Lyddy, 49 Fed. 896; Bennett v. Chicago, M. & St. P. Ry. Co., 73 Fed. 696; Elliott, R. & S. 960, 961; Douglass v. City Council, 118 Ala. 599; In re Melon St., 182 Pa. St. 397; City v. Baker, 86 Fed. 753.

For a state to depreciate the value of the property of the citizen without making compensation is a deprivation of property under the constitution of the United States, and the amended constitution of Minnesota. Pumpelly v. Green Bay Co., 13 Wall. 166; Gibson v. U. S., 166 U. S. 269; Scranton v. Wheeler, 179 U. S. 141; Atwater v. Trustees, 124 N. Y. 602. That which damages property or depreciates its value deprives the owner of his property. State v. Julow, 129 Mo. 163, 173; Town v. Leopold, 106 Ind. 29; Hatch v. Tacoma, 6 Wash. 1; Port Huron v. Voorheis, 50 Mich. 506; Morris v. Mayor, 10 N. J. Eq. 352; Abendroth v. Manhattan, 122 N. Y. 1, and see Fort Scott v. Fox, 42 Kan. 490; Park v. C. & S. W. R. Co., 43 Iowa, 636, 639; Dairy v. Iowa, 113 Iowa, 716, the constitutions of Kansas and Iowa providing for compensation for the "taking" of property, only.

The following states have inserted the word "damaged" in their constitutions in addition to the word taking. 1870 Illinois, 1872 West Virginia, 1873 Pennsylvania, 1874 Arkansas, 1875 Nebraska, Missouri and Alabama, 1876 Colorado and Texas, 1877 Georgia, 1879 Louisiana and California, followed later on by Kentucky, Mississippi, Washington, Dakotas, etc. The following states have still the word "taken" and have made no amendment thereto, viz: Iowa, Connecticut, New Jersey, Rhode Island, Wisconsin, New York, Indiana, North and South Carolina, Tennessee, Oregon, Kansas, Michigan, Florida, New Hampshire, Vermont, Ohio, Indiana, Maine, Virginia. Texas, Minne-

sota, Alabama and Pennsylvania have the word "destroyed" as well as "damaged" in their constitutions.

The amendment to our constitution inserting therein the words "damaged or destroyed" enlarged the right of compensation. It was intended to give relief in a class of cases like plaintiff's, in which a valuable legal right enjoyed in connection with his property is injuriously affected. Lewis, Em. Dom. (2d Ed.) 578, 579; Pennsylvania v. Duncan, 132 U. S. 75, affirming 111 Pa. St. 352; City Council v. Townsend, 80 Ala. 491; Hot Springs v. Williamson, 45 Ark. 429; City v. Bayer, 7 Colo. 113; City v. Greene, 67 Ga. 79; City v. Kramer, 25 Neb. 489, 493; Gottschalk v. Chicago, 14 Neb. 550; Reardon v. City, 66 Cal. 492, 500; Galveston v. Fuller, 63 Tex. 467; Griffin v. Shreveport, 41 La. An. 808; Dickerman v. City of Duluth, 88 Minn. 288; Rigney v. City, 102 Ill. 64, 68; Chicago v. Taylor, 125 U. S. 161, 167; City v. Union, 102 Ill. 379; Chicago v. Ayres, 106 Ill. 511, 518.

Where access to private property has been materially impaired or destroyed by the vacation of a street, and there has been consequent depreciation in the value of property, the owner is entitled to compensation therefor under the constitutional provision. In order that the owner may recover it is not necessary that the property should abut upon the obstruction or vacation. Lewis, Em. Dom. (2d Ed.) 535; Mellor v. City, 160 Pa. St. 614; Gargan v. Louisville, 89 Ky. 212; City v. Lockhead, 7 Brad. 82; Johnston v. Old Colony, 18 R. I. 642; City v. Kingsbury, 101 Ind. 200, 212; Pennsylvania v. Stanley, 10 Ind. App. 421; City of Chicago v. Baker, 86 Fed. 753; Chicago v. Hazels, 26 Neb. 364; Jaynes v. Omaha, 53 Neb. 631; City v. Burcky, 158 Ill. 103; Village v. Clifford, 201 Ill. 475, 478; City v. Webb, 102 Ill. App. 332; Caledonian v. Walker's Trustees, L. R. 7 App. Cas. 259. The leading case on the subject of injuries to adjacent property by street vacation, is In re Melon St., supra.

The injury and right of action accrued to plaintiff upon the enactment of the ordinance of vacation. It was the extinction of the legal right to use the highway that depreciated the value of his property. Angell, Highways, § 326; Brook v. Horton, 68 Cal. 554; Whetherill v. Pennsylvania, 195 Pa. St. 156; Carpenter v. Pennsylvania, 195 Pa. St. 160.

The defendant city rendered itself primarily and directly liable by destroying the mode of ingress and egress and turning First street into a cul de sac, in the exercise of the power of eminent domain. Parker v. Catholic Bishop, 146 Ill. 158, 165; Heinrich v. City, 125 Mo. 424, 427; Knapp v. St. Louis, 153 Mo. 560, 571; In re William Street, 7 Pa. Dist. 1. Every abutting owner has a property right in the maintenance of the highway in full use. This property right is not merely that the abutting owners may get in and out. It also embraces the right to have their highway open as a thoroughfare for the purposes of travel, convenience, publicity and trade. Peace v. McAdoo, 92 N. Y. Supp. 369; New England v. Everett, 189 Mass. 145.

*Frank Healy* and *L. A. Dunn,* for respondent city of Minneapolis.

Assuming that the plaintiff had a private easement in the streets attempted to be vacated for access, light and air, which might be considered "property" within the meaning of the constitutional provision as contended by plaintiff, yet he is not entitled to recover in this action for the following reasons: First, the complaint does not show a taking or damaging of private property for a public use. Second, the complaint does not show that the city has in any way deprived the plaintiff of his private right of easement in the streets vacated, if any, or interfered with or obstructed, impaired or trespassed upon any such private rights. Lewis, Em. Dom. § 134; Thelan v. Farmer, 36 Minn. 225, 235; Hielscher v. City of Minneapolis, 46 Minn. 529, 530.

The resolution passed by the city council vacating the street, compensation not having first been paid or secured, cannot have the effect of closing First street south to travel as against the plaintiff and to give it such effect would be to permit the city to contravene the constitution. Bigelow v. Ballerino, 111 Cal. 559; Hielscher v. City of Minneapolis, supra; Langford v. County Commrs., 16 Minn. 333 (375); Brown v. City, 5 Wash. 35; Chambers v. Cincinnati, 69 Ga. 320.

*A. G. Briggs* and *T. P. McNamara,* for respondent Chicago Great Western Railway Company.

The complaint does not state a cause of action for damages against either of the defendants. City v. O'Flynn, 119 Ill. 200; Parker v.

Catholic Bishop, 146 Ill. 158; McGee's Appeal, 114 Pa. St. 470;. Clemens v. Connecticut, 184 Mo. 46, 55.

Appellant's damage is not special, and he should not recover. Shaubut v. St. Paul & S. C. R. Co., 21 Minn. 502; Rochette v. Chicago, M. & St. P. Ry. Co., 32 Minn. 201; Barnum v. Minnesota Transfer Ry. Co., 33 Minn. 365; Shero v. Carey, 35 Minn. 423; Swanson v. Mississippi & R. R. Boom Co., 42 Minn. 532; Glasgow v. St. Louis, 107 Mo. 198; Van DeVere v. Kansas City, 107 Mo. 83; City v. O'Flynn, supra; Putnam v. Boston, 182 Mass. 351, 65 N. E. 790; City v. Union, 102 Ill. 379; Manigault v. Springs, 199 U. S. 473.

BROWN, J.

Action to recover damages alleged to have been occasioned to plaintiff's property by the vacation of certain streets in the city of Minneapolis. The court below sustained a general demurrer to the complaint, and plaintiff appealed.

The facts, briefly stated, as disclosed by the complaint, are as follows: Plaintiff is, and for a number of years has been, the owner of lots 6, 7, and 8, block 115, city of Minneapolis, fronting one hundred ninety eight feet on First street and one hundred sixty five feet on Thirteenth Avenue South. Lots 6, 7, and 8 front on First street, and Thirteenth avenue extends along the side of lot 6. In October, 1903, the city council of Minneapolis, at the request of defendant railway company, passed and adopted a resolution vacating a portion of Twelfth Avenue South and First street from Twelfth avenue up to a line with plaintiff's lots. The vacated portion of First street extends from plaintiff's property to the right of way and depot grounds of defendant railway company, and Twelfth avenue, a portion of which was vacated, extends along the west side of the block in which plaintiff's property is located. First street was not vacated immediately in front of plaintiff's lots, but up to the west line thereof only, thus placing them in a cul-de-sac, fronting on a blind alley, and preventing access thereto from the direction of the vacated street. The complaint alleges that plaintiff's lots are valuable for business purposes, and that by reason of the vacation of the streets referred to, ingress and egress along First street and Twelfth avenue have been permanently obstructed to the damage of his property in the sum of $20,000; that since the vacation

of the streets the railway company entered upon, leveled, and graded the same, and now treats the vacated portions as its property; that the city has surrendered control and possession, and has ceased to sprinkle the same.

Three principal questions are presented by the demurrer:   (1) Whether plaintiff, as respects the property here involved, has suffered injury and damage by the vacation of the streets different in kind from that suffered by the general public, and is entitled to compensation under the provisions of the constitution of the state which forbid the taking or damaging of private property for public use without compensation being first paid or secured.   (2) Whether in view of the fact that compensation was not made or secured at the time the council adopted the resolution vacating the streets, its action in vacating the same is valid.   (3) Whether the vacation of the streets was a taking or damaging of plaintiff's private property for a public use.

1. The first question presented for consideration is whether the vacation of the streets referred to constitutes an injury and damage to plaintiff, distinct from the general public, entitling him to compensation under the provisions of the constitution that private property where taken for a public use shall be paid for.   Originally our constitution (article 1, § 13) provided that private property should not be "taken for public use without compensation" first being paid or secured to the owner.   It was subsequently amended, and now provides that private property shall not be taken or "damaged" without compensation, and the question presented is whether plaintiff has been damaged by the act of the city within the meaning of the constitution.   This question has been before many of the courts in other states, having constitutional provisions similar to our own, and the general trend of the decisions is that for the vacation of a public street under circumstances like those disclosed in this case, the property owner is entitled to compensation.

In the case of In re Melon St., 182 Pa. St. 397, 38 Atl. 482, 38 L. R. A. 275, a case substantially like that at bar, the court, in the course of the opinion, said that for loss or inconvenience caused by the vacation of a street which those who own property thereon share in common with the community at large there can be no recovery; but the owners of property which has depreciated in value by reason of the closing

of a street sustain an injury to their rights which is different in kind from the injury sustained by those who use the street for travel only. The injury in such case is not of the same kind, differing in degree only, but is an additional injury caused by the impairment of an entirely distinct right, the right of ingress and egress. A property owner's special right in such cases is not limited to the part of the street on which his property abuts; his right in this respect is the right of access in any direction which the street permits, and as affecting the same, no distinction can be drawn between a partial and a total destruction. The impairment of the right is a legal injury, differing in degree only from its total destruction. In Indiana v. Eberle, 110 Ind. 542, 11 N. E. 467, 59 Am. 225, the court said: "The interest in the street which is peculiar and personal to the abutting lot owner, and which is distinct and different from that of the general public, is the right to have free access to his lot and buildings, substantially in the manner he would have enjoyed the right in case there had been no interference with the street." In Bigelow v. Ballerino, 111 Cal. 559, 44 Pac. 307, the court said that the owner of property abutting on a public street has an easement in the street distinct from the public right of way, which easement is property, and for an injury to this easement, the owner is entitled to compensation, under the constitutional guaranty that private property shall not be taken or damaged for public use without due compensation. The same doctrine was applied in City v. Bayer, 7 Colo. 113, 2 Pac. 6; Village v. Clifford, 201 Ill. 475, 66 N. E. 384; City v. Burcky, 158 Ill. 103, 42 N. E. 178, 29 L. R. A. 568, 49 Am. St. 142; Mellor v. City, 160 Pa. St. 614, 28 Atl. 991; Gargan v. Louisville, 89 Ky. 212, 12 S. W. 259, 6 L. R. A. 340; Johnston v. Old Colony, 18 R. I. 642, 29 Atl. 594, 49 Am. St. 800; Pennsylvania v. Stanley, 10 Ind. App. 421, 37 N. E. 288, 38 N. E. 421; City v. Kingsbury, 101 Ind. 200, 212, 51 Am. 749; Griffin v. Shreveport, 41 La. An. 808, 6 South. 624.

Analogous cases in this court sustain plaintiff's right to compensation. It was held in Adams v. Chicago, B. & N. Ry. Co., 39 Minn. 286, 39 N. W. 629, 1 L. R. A. 493, 12 Am. St. 644, that the owner of a lot abutting on a public street has, as an appurtenance to the lot and independent of his ownership of the fee of the street, an easement in the street to the full width thereof, which easement is subordinate only

to the public right, and that any act of the public authorities which materially deprives him or materially interferes with the enjoyment of his easement is a taking of private property within the meaning of the constitution. The doctrine of that case was reaffirmed in Lamm v. Chicago, St. P., M. & O. Ry. Co., 45 Minn. 71, 47 N. W. 455, 10 L. R. A. 268.

In the case of Aldrich v. Wetmore, 52 Minn. 164, 53 N. W. 1072, the court held that to entitle a party to maintain a private action for the obstruction of a public street, it was unnecessary for him to show that he was cut off from all access to his property; that it was the nature of the right affected, and not the number who suffered from the wrongful obstruction in the street, which determines the question whether an action for damages will lie. In that case it appeared that plaintiff carried on the business of a barber on the ground floor at 105 Second Street South, Minneapolis, living with his family on the second floor of the building. Defendant owned a lot adjoining the property so occupied by plaintiff, and at the time complained of in the action took up the sidewalk in front of his lot and made excavations thereunder, disposing of the earth in the street in front of his and plaintiff's property, whereby the street was obstructed, and travel prevented. The court held, after reviewing the authorities, that though the obstruction caused by the act of defendant amounted to a public nuisance, plaintiff was specially injured, distinct from the public, and had the right of action against him for damages.

In the case of Wilder v. De Cou, 26 Minn. 10, 1 N. W. 48, a case somewhat similar to the one just cited, it was held that if the owner of a town lot suffers damages peculiar to himself by the obstruction of a public street in front of his premises, he can maintain an action to remove or prevent the same, although it amounts to a public nuisance. In Viebahn v. Board of Commrs. of Crow Wing County, 96 Minn. 276, 104 N. W. 1089, we sustained the right of a person operating a steamboat on the Mississippi river to maintain an action against the county for damages for the interruption of his business by the wrongful and unlawful construction of a bridge across the river; that his injury was distinct from that suffered by the public at large.

While the Minnesota cases referred to are not strictly in point in their facts, the principle there applied is pertinent to the facts here

before us. In the case at bar, though the street was not vacated immediately in front of plaintiff's lots, it was wholly vacated from the line thereof in one direction, so that access to his property from that portion of the street is entirely cut off, and his right of ingress and egress from that direction is permanently taken away. Within the authorities cited, he has suffered an injury not common to the public at large, and is entitled to compensation.

2. The learned court below adopted this view of the law, but held further that the action of the city council in attempting to vacate the street in question was a nullity, because no compensation was previously, or at all, paid or secured to plaintiff for the injury resulting therefrom. There is much force in this position, for it is the generally accepted doctrine of all the courts that, under constitutional provisions like ours, where private property is taken for a public use, payment of compensation is a condition precedent to the validity of the act of expropriation. 15 Cyc. 779.

But the courts have excepted from this general rule cases of the character of that here under consideration. If we were to follow the general rule on the subject, and hold that because plaintiff's damages were not previously ascertained and paid, the action of the council in vacating the streets was void, it might cause much litigation and confusion in the cities and other municipalities of the state. No doubt many streets and alleys have heretofore been vacated under circumstances precisely like those shown in this case, no compensation by way of damages having been ascertained or paid. For this, and the further reason that the exception to the general rule, though perhaps not logical, is reasonable and sufficiently protects all persons claiming damages, we feel constrained to adopt it as the law of this state, and thus obviate possible difficulties in other like cases. The damages for injuries of this nature, where no property is actually taken, are consequential, not direct; no person is actually deprived or dispossessed of his property, and the authorities hold that prepayment is unnecessary. The damages in such cases may be recovered against the municipality. Dickerman v. City of Duluth, 88 Minn. 288, 92 N. W. 1119. That remedy is adequate and sufficiently protects all constitutional rights. Of course, this rule would not obtain in any case where the property owner is actually dispossessed or deprived of his property.

In the case of Clemens v. Connecticut, 184 Mo. 46, 55, 82 S. W. 1, 67 L. R. A. 362, 105 Am. St. 526, the supreme court of that state, having a constitutional provision similar to ours, after an extended review of the authorities on the subject, held that the payment of consequential damages of the nature of those here complained of is not a condition precedent to the right to vacate a public street. The court in that case said: "In our opinion the Colorado, Illinois and West Virginia and Louisiana courts correctly construe section 21 of article 2 of our constitution, which is found in the constitutions of those states in practically the same words as in ours, and in holding that where the property of the citizen is not taken and his proprietary rights not disturbed, but the damage to his property is purely consequential, he is not entitled to have the same ascertained and paid before the proposed public work is done, and is not entitled to have the work done in pursuance of valid legislative and municipal authority enjoined until his damages are ascertained and paid, but that his remedy is one at law for damages."

In Parker v. Catholic Bishop, 146 Ill. 158, 34 N. E. 473, the court held that where no part of the land or property of the complaining owner is physically taken for, or in making, the proposed public improvement, and the damages claimed to result are consequential only, the provisions of the constitution relating to eminent domain do not require the ascertainment or payment of the same as a condition precedent to the exercise of the right or power. Other Illinois cases lay down the same rule. See also Mellor v. City of Philadelphia, 160 Pa. St. 614, 28 Atl. 991; In re Melon St., 182 Pa. St. 397, 38 Atl. 482, 38 L. R. A. 275; City of Chicago v. Baker, 86 Fed. 753, 30 C. C. A. 364; Morris v. Philadelphia, 199 Pa. St. 357, 49 Atl. 70; Spencer v. Point Pleasant, 23 W. Va. 406.

The rule has its foundation in the difficulty and uncertainty in determining in advance the precise damages suffered by property owners in such cases. The injury being purely consequential, the real damage can, in many instances, be ascertained only from a knowledge of conditions arising subsequent to and in consequence of the vacation of the street; as, for instance, the particular use to which the same may be put. Hence, for reasons of greater certainty, and because no one is actually dispossessed of his property, the rule is created for this class of

cases. We accordingly hold that inasmuch as no property of plaintiff was actually taken, and his damages are consequential only, it was not necessary as a condition to the right of the city to vacate the streets that the damages be first ascertained and paid. In some of the states whose decisions we have referred to express statutory provisions require the payment of damages in such cases. But in view of the fact that the municipality is liable therefor at the suit of the injured party, express legislative command in that respect is unnecessary. The constitution creates the right to redress, and the right thus given can neither be enlarged nor diminished by legislation. Since the property of the municipality is a fund to which the injured party may resort by appropriate action in the courts, means for ascertaining and enforcing payment of compensation are sufficiently provided.

3. It is also insisted that the vacation of the streets was not a taking or damaging of private property for a public use; that it amounted to nothing more nor less than a surrender of property theretofore devoted to a public use to the private owner, and is in no proper sense a taking or damaging for a public use. The matter of laying out or vacating streets and highways is legislative, and the courts will presume that proceedings in that behalf were intended by the legislative body for the public welfare; that public interests would in its judgment be promoted thereby. And it cannot be doubted that where private rights are invaded by legislative authority in the interests of the general public, there is a taking or damaging for public use, within the meaning of the constitution, entitling the injured party to compensation, except perhaps in cases where an exercise of the police power is involved.

Our conclusions are that the complaint states a cause of action against the city for damages. In the proceedings resulting in the vacation of the streets, the city was the acting party. Solely in consequence of the act of its council, the injury to plaintiff's property was inflicted, and the court below erred in sustaining its demurrer to the complaint.

But a cause of action is not stated against the railway company. While the complaint alleges that the railway company subsequent to the vacation entered upon and took possession of the street, there are no allegations that its possession is exclusive, or that it has in any way prevented or obstructed plaintiff in the free use of the same.

For aught that appears from the complaint, the streets are still in the condition they were in before the council vacated them. It is not alleged that the company has taken any action or steps for the purpose of devoting the streets exclusively to its use and purposes. No wrong is therefore shown against the railway company, and it is not liable.

The order appealed from is reversed, so far as the city is concerned, and affirmed as to the railway company.