# A. H. PAINTER v. EDWARD GUNDERSON.[1]

November 7, 1913.

Nos. 18,260—(66).

**Public nuisance — private action.**

1. A private action cannot be maintained to abate a public nuisance unless the injury to the plaintiff is peculiar to himself and not an injury common to himself and the general public.

**Application of rule to obstruction of highway.**

2. Applying the rule stated, it is *held* that the plaintiff, under the facts alleged in the complaint, cannot maintain a private action against the defendant who obstructed a highway leading from another highway to a public lake.

Action in the district court for Hennepin county to obtain the removal of obstructions in a highway and reopen it for travel, and to

[1] Reported in 143 N. W. 910.

---

Note.—On the question of obstructions in highway, preventing access to property except by a circuitous route, as a special injury entitling owner to maintain action for damages, or to abate the nuisance, see notes in 8 L.R.A.(N.S.) 227 and 21 L.R.A.(N.S.) 75. And for interference with one's use of a highway as a special damage which will sustain an action by him against the wrongdoer, see note in 28 L.R.A.(N.S.) 1053.

recover $3,750. From an order Dickinson, J., overruling defendant's demurrer to the complaint, he appealed. Reversed.

*A. B. Jackson,* for appellant.

*Wilson, Mercer, Swan & Stinchfield,* for respondent.

DIBELL, C.

The defendant appeals from an order overruling his demurrer to the complaint for want of facts in an action to abate a nuisance, which consisted in the obstruction of a public highway, and to recover damages sustained because of it.

1. The law is well settled that a private action cannot be maintained for an obstruction of a public highway, the obstruction constituting a public nuisance, unless the injury to the plaintiff is peculiar to him and not common to himself and the general public. The law is variously phrased but, however worded, the principle stated is conceded by the authorities. The difficulty comes in the application of the law to the varied facts of particular cases.

2. The important facts, abbreviated from the complaint, are these: A road two rods wide extends east from the Maple Plain road to Lake Minnetonka, in Hennepin county, and at the shore widens to a width of four rods, giving a place for vehicles to turn around, and a sort of landing place. The defendant obstructed the highway by closing it at the Maple Plain road and plowing it up and setting out trees.

The plaintiff owns a farm upon which he resides somewhere in the neighborhood, just where it does not appear, but near the highway, and within a short distance of what is known as the West Arm of the lake, to which the highway afforded access. The plaintiff was accustomed to go over the highway to the lake and by boat in summer and on the ice in the winter to the village of Excelsior, and to other places. He was accustomed to use the highway over which to haul water from the lake for use on his farm and over which to haul ice in the winter for storage. He operated a threshing machine and during the threshing season was accustomed by the use of the highway to get water from the lake for the use of his engine. By the obstruction of the highway his access to the lake by the way formerly used

is closed. He is obliged to adopt a more circuitous route and he is unable to make use of water and ice from the lake as formerly. He alleges that because of this he has sustained special damages of a stated amount. He also alleges that his farm had an added value, both as a farm and a place of residence, because of the access to the lake afforded by the highway, and that the obstruction of the highway has depreciated its value in an amount stated.

After a thorough consideration of the facts alleged we are of the opinion that the injury sustained by the plaintiff is like in kind to the injury suffered by the general public and that the plaintiff has no private remedy. The wrong which the public are suffering, and with them the plaintiff, is the subject of redress in a criminal proceeding. There is also relief, against future wrong, at the suit of the public authorities.

We do not stop to discuss the cases. They were the subject of exhaustive review in Viebahn v. Board of Co. Commrs. of Crow Wing County, 96 Minn. 276, 104 N. W. 1089, 3 L.R.A.(N.S.) 1126, and Vanderburgh v. City of Minneapolis, 98 Minn. 329, 108 N. W. 480, 6 L.R.A.(N.S.) 741.

Order reversed.