## GARRETT L. THORPE v. CITY OF ADA AND OTHERS.[1]

May 25, 1917.

Nos. 20,423—(243).

**Vacation of street — injunction denied.**

> The record shows conclusively that plaintiff's access to his property will not be interfered with by the vacation of a portion of a street for depot purposes, and that he will suffer no injury different in kind from

[1]Reported in 162 N. W. 886.

that suffered by the public generally. He therefore cannot maintain this action to enjoin the vacation.

Action in the district court for Norman county to annul a resolution of defendant's council and to restrain defendant city from enforcing the resolution. An application for a temporary injunction was heard by Grindeland, J., who denied it. From the order denying the application, plaintiff appealed. Affirmed.

*Peter Matson* and *Kerr, Fowler, Schmitt & Furber,* for appellant.

*M. A. Brattland,* for respondents.

BUNN, J.

On petition of property owners the city council of the city of Ada vacated a portion of Notten avenue to be used as a site for a public depot. This action was brought by plaintiff to enjoin the city, its mayor, alderman and city clerk, from enforcing this resolution. Plaintiff applied for a temporary injunction, and took this appeal from an order denying such application.

The trial court refused the injunction on the ground that the showing made was not sufficient to warrant interference with the action of the council, "conceding, without deciding," that plaintiff had such a special interest as would entitle him to maintain the action. Before inquiring into the validity of the council proceedings attacked by plaintiff, we must consider the question which the trial court clearly saw was present in the case, but did not decide, that is, whether plaintiff shows that he will suffer such special injury from the proposed improvement as entitles him to attack the proceedings. Counsel for plaintiff asks us to pass this point, as the trial court did, and decide as to the validity of the vacation proceedings. We cannot accede to this request. The point is in the case, has been argued, and must be decided.

It seems very clear to us that plaintiff has no right to bring this action. His complaint alleges that he is a "legal voter, taxpayer and property owner on the line of said Notten avenue so proposed to be vacated and within three hundred feet from the portion proposed to be vacated." Of course his qualifications as a voter or his being a taxpayer are immaterial. It is only as the owner of property that will

suffer a special injury, different in kind as well as in degree from that sustained by the public generally, that plaintiff can have any standing in an action to enjoin the vacation. The record shows conclusively not only that plaintiff owns no property abutting upon the portion of the street sought to be vacated, but that access to his property will be in no way interfered with. Any injury which he may suffer by the vacation or the erection of the depot is an injury in common with the public at large, the difference, if any, between the injury suffered by him and that suffered by the public being a difference in degree, not in kind.

It is hardly necessary to cite decisions announcing and applying this familiar principle. Among the many in this state, reference may be made to Shaubut v. St. Paul & Sioux City R. Co. 21 Minn. 502; Gundlach v. Hamm, 62 Minn. 42, 64 N. W. 50. The cases relied on by plaintiff, Fitzer v. St. Paul City Ry. Co. 105 Minn. 221, 117 N. W. 434, 18 L.R.A.(N.S.) 268, 127 Am. St. 557, and Vanderburgh v. City of Minneapolis, 98 Minn. 329, 108 N. W. 480, 6 L.R.A.(N.S.) 741, are clearly not in point, both being cases where plaintiff's free access to his lots and buildings was substantially interfered with.

Order affirmed.