ERICKSON, Appellant, v. HORLYK et al, Respondents.

(205 N. W. 613.)

(File No. 5466. Opinion filed October 2, 1925.)

**1. Navigable Waters — Boundaries — Riparian Rights—Accretion— Boundaries to Land Washed Away by River and Restored Reestablished.**

Where river had completely washed away lots belonging to defendant adjoining land of plaintiff, so that plaintiff became riparian owner, but thereafter river shifted and refilled all of land washed away so boundary line could be re-established under the government survey, defendant remained the owner, notwithstanding Rev. Code 1919, Secs. 498-503.

**2. Courts—Res Adjudicata—Decision Affecting Property Rights Not Disturbed at Instance of Subsequent Purchasers.**

A decision, which since its rendition has become a rule of property, will not be receded from at the instance of parties whose rights were acquired after the decision.

Appeal from Circuit Court, Yankton County; Hon. R. B. Tripp, Judge.

Action by Erick Erickson against Hans J. Horlyk and others. From the judgment for defendants, plaintiff appeals. Affirmed.

*Clark & Henderson,* of Yankton, for Appellant.

*Orvis & French,* of Yankton, for Respondents.

(1) To point one of the opinion, Appellant cited: Welles v. Bailey (Conn.), 10 Atl. 565; Peuker v. Canter (Kan.), 63 Pac. 617; Widdecombe v. Chiles (Mo.), 73 S. W. 444; Wallace v. Driver (Ark.), 31 L. R. A. 317; Cox v. Arnold (Mo.), 31 S. W. 592; Banks v Ogden, 2 Wall. 57, 17 L. ed. 818; New Orleans v. Lovingston, 23 Wall. 68, 23 L. ed. 59; Allard v. Curran (S. D.), 168 N. W. 761.

Respondent cited: Allard v. Curran, 41 S. D. 43, 168 N. W. 761.

(2) To point two, Respondent cited: In re Grandjean's Estate, 110 N. W. 1108, 78 Neb. 354; Duncan v. Brown, 139 Pac. 140, 18 New Mex. 579; Van Metre v. Swank, 147 Wis. 93, 131 N. W. 982.

GATES, J. The following plat approximately shows the original government survey made in 1860 of sections 21 and 22

and a portion of section 15 in township 93 north, range 56 west fifth principal meridian, situated in Yankton county:

Plaintiff is the owner of the southwest quarter of section 15; the northwest quarter of the northwest quarter of section 22 and the northeast quarter of the northeast quarter of section 21, which for convenience we have designated as tracts A, B, and C, respectively. Defendant Horlyk is the record owner of lot 4 section 21 and lots 1 and 2 of section 22, each being bounded on the south by the Missouri river, which for convenience we have designated as tracts X, Y, and Z, respectively. Beginning about the year 1900 the Missouri river cut away its north bank, and by gradual and imperceptible degrees eroded and washed away the surface of tracts X, Y, and Z, and the surface of nearly all of tracts B and C, and the surface of tract A as far as about 120 rods north of its south boundary. During the year 1912 the river began to recede from the land thus submerged and to shift to the southward by the filling in of alluvial soil, sand, and drift, and by natural accretions, which process continued for a period of about 10 years, and until the surface of the land washed away had been restored and the north bank of the river became located at about the same place as it was when the government survey was made.

The controversy is as to the ownership of tracts X, Y, and Z. Horlyk claims these tracts under his chain of title. Plaintiff claims them as accretions to his tracts A, B, and C. Plaintiff appeals from the judgment rendered in defendant's favor.

[1] The judgment of the trial court was rendered pursuant to the decision of this court in Allard v. Curran, 41 S. D. 73, 168 N. W. 761. This case is parallel to that, but appellant contends that such decision was wrong in that it amounted to a judicial repeal of section 498, Rev. Code 1919, without adverting to that section. As is disclosed by the notes to the Field Civil Code adopted by Dakota territory at its fifth legislative session, the sections that are now sections 498-503, Rev. Code 1919, were taken from the Code Napoleon, and had their origin in Roman law. See Restoration of the Former Front Estate by Alluvion, 10 Virginia Law Review 106. If the accession in question had been to said tracts X, Y, and Z, we have no doubt that said section 498 would apply, because, by the government survey, the south boundary of said lots was the river. However, the south boundary of tract A was the section line between sections 15 and 22, and the south boundary of tracts B and C was the "forty" line, all of which lines can now be re-established under the rules of the government survey.

[2] We think the proper interpretation of said section 498 is that it applies to land which is riparian according to the government survey. We therefore think there is room for both the code section and the decision in Allard v. Curran, supra, to stand, and that neither is in conflict with the other. That decision was based on equity and common sense even if opposed to ancient precedent and the rule adhered to by a majority of the courts, but it has also become a rule of property. Appellant has bought tracts B and C, and respondent has bought tracts X, Y, and Z since the handing down of that opinion. Under the doctrine of stare decisis, that opinion should be and it is adhered to.

The judgment is affirmed.

DILLON, J., not sitting.

Note.—Reported in 205 N. W. 613. See, Headnote (1), American Key-Numbered Digest, Navigable Waters, Key-No. 44(3), 29 Cyc. 352; (2) Courts, Key-No. 93(1), 15 C. J. Sec. 342.