RALPH ERSPAMER AND ANOTHER v. OLIVER IRON
MINING COMPANY.
SIMON LALLA v. SAME DEFENDANT.[1]

March 7, 1930.

Nos. 27,781, 27,782.

*Anderson & Reed, H. V. Mercer & Company,* and *E. J. Lien,* for appellants.

*Frank D. Adams, Elmer F. Blu, Baldwin, Baldwin, Holmes & Mayall, Kellogg, Morgan, Chase, Carter & Headley,* and *D. T. Collins,* for respondent.

[1]Reported in 229 N. W. 583.

476

WILSON, C. J.

Plaintiffs appealed from orders striking their amended complaints. The actions are of the same character. The complaints are very much alike. Each plaintiff owns property in Pillsbury Addition hereinafter mentioned. Erspamer Brothers own a hardware store building, with space for rental purposes, situated on the east side of Third avenue near the north end of said addition. Simon Lalla owns and occupies a home located on Railroad street in said addition.

Plaintiffs seek to recover large damages for the maintenance of a nuisance arising from the noise, smoke, the shaking of their premises by explosions of dynamite, and the throwing thereby of rocks and debris on and about their premises as well as submerging the same in filthy smoke and soot. It is claimed that bad gases were produced and that defendant's conduct was such that plaintiffs' property in day and night was uninhabitable with peace, enjoyment and safety.

All through the unnecessarily long amended complaints reference is made to defendant's said conduct as in part arising out of and consisting of doings in certain and uncertain roads claimed to impair the ingress and egress to plaintiffs' property.

Defendant's alleged conduct is incident to mining iron ore where a portion of the village was once located.

■ ■The amended complaint covers 19 pages of the printed record. It is complicated, confusing and verbose.

G. S. 1923 (2 Mason, 1927) § 9277, reads:

"Two or more consistent causes of action, whether legal or equitable, may be united in one pleading, being separately stated therein * * *."

G. S. 1923 (2 Mason, 1927) § 9267, reads:

"If irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion; and when a pleading is double, or does not conform to the statute, or when the allegations thereof are so indefinite or uncertain that the precise nature of the charge

or defense is not apparent, the court may strike it out on motion, or require it to be amended."

The gist of the present actions is an alleged nuisance. Each plaintiff contends that his complaint contains no more. Defendant asserts that each complaint contains more than one cause of action, not separately stated therein, and that it otherwise offends the statutes above quoted.

The pleader had a right to include more than one cause of action if separately stated in the complaint. No effort was made to state them separately. Indeed, plaintiff insists that the complaint states only the one cause of action. We cannot agree. It is susceptible to a different construction.

The complaint states that in 1910 defendant wrongfully cut the canal-like channel through the north 40 and across the town line road in violation of plaintiff's rights. It alleges that by reason of all of the foregoing facts (including those stated in this paragraph) plaintiff has suffered damages in the sum of $59,000. Such allegations supported by other language in the complaint states a cause of action whether so intended or not. It was not separately stated.

We construe the complaint as sufficient also to state a cause of action based upon a consummated conspiracy to the damage of plaintiff. This apparently relates to "some roads aside from those above," indicating roads other than the town line road and one other. The claim is that this was in violation of G. S. 1923 (1 & 2 Mason, 1927) · §§ 2608, 10419. Perhaps it states other causes of action.

There are other reasons however why the complaint does not conform to the statute. It is indefinite and uncertain and contains irrelevant matter. It charges defendant with being in a conspiracy with persons unnamed. It charges defendant with being in such conspiracy for the purpose of unlawfully destroying certain roads (the identity of which is undisclosed) aside from those roads mentioned. It does not disclose the time when certain things are alleged to have occurred in order that the defendant might demur or plead the statute of limitations. There is an allegation of the

destruction at some unnamed time of roads which had not been vacated.

Defendant should not be expected to answer to such a pleading, which might permit the reception of prejudicial evidence which in all probability would be stricken from the record before the termination of the trial. Craig v. Benedictine S. H. Assn. 88 Minn. 535, 93 N. W. 669. It should be a simple matter to state a cause of action for the maintenance of a nuisance, and it occurs to us that most of the difficulty in this case arises from a studied effort on the part of the plaintiff to inject into the cause of action an unauthorized element. Plaintiffs were not left in a cul-de-sac. This is not their claim.

■ Plaintiffs are located substantially the same as the plaintiffs in Reed v. Village of Hibbing, 150 Minn. 130, 184 N. W. 842, wherein it was held, as in In re Application of Hull, 163 Minn. 439, 204 N. W. 534, 205 N. W. 613, 49 A. L. R. 320, that a private action for damages for the destruction of a public way cannot be maintained by one whose injury is not different in kind from that suffered by the general public though it be greater in degree. The rule applies here. It seems that the pleader in drawing this complaint was attempting to inject as an element of the nuisance the inconvenience common to the public generally for which no cause of action can be maintained. If so, it was not permissible. If not, it was immaterial. If such conduct and facts will not in themselves permit a recovery, we think they have no place in a complaint to recover for a nuisance. The reason for nonrecovery upon the facts standing alone destroys the efficacy of the same facts to support an element going to constitute a nuisance which imposes liability. Neither complaint alleges any special injury to the plaintiff or his property because of the existence of the roads. Granting that an obstruction of a public highway may be a nuisance or an element going to make a nuisance, the fact remains in these cases that plaintiffs' cause of action for a nuisance warranting a recovery because of an invasion of their property rights is not enhanced by the reference to roads for the simple reason that no facts are disclosed to

support legal liability. In so far as defendant's conduct impairs plaintiffs' peace, comfort and safety, the origin of such conduct relative to roads is immaterial.

The claim is advanced that the two roads now involved were public roads before the village was platted and that the plat put streets upon these roads and that the vacation of the plats left the prior rural roads in existence. Whether this be so we need not determine. The rule of law forbidding a recovery by one who has an injury in common with the public generally would be clearly applicable whether the inconvenience or damage is due to the vacation of the highway or to its unlawful obstruction or destruction. As the complaints now stand the allegations relative to roads have no place therein. Plaintiffs do not disclose a situation wherein they suffer legal injury because of the abuse of the roads. Plaintiffs may allege and prove the acts, conduct and results which constitute the nuisance. A cause of action should be clearly, tersely and briefly stated.

One of the complaints has been amended five times and the other three. Yet our conclusion will be without prejudice to plaintiffs to apply to the trial court for permission again to amend their complaints. If granted no further amendments therefor should be allowed—only a simple pleading is necessary.

Both orders are affirmed.