# MARIANO LOCASCIO AND ANOTHER v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

February 5, 1932.

No. 28,724.

*Keller, Broady & Chapin,* for appellants.

*D. F. Lyons* and *D. R. Frost,* for respondent.

[1]Reported in 240 N. W. 661.

DIBELL, J.

Action to recover damages against the Northern Pacific Railway Company for maintaining an embankment across Lincoln street in northeast Minneapolis. The court directed a verdict for the defendant, and the plaintiffs appeal from the order denying their motion for a new trial.

The city passed an ordinance, comprehensive in character, which was accepted by the defendant, for the separation of street and railway grades in northeast Minneapolis. In that portion of the city there are grade crossings; in some instances the street and railroad grades are separated, the railroad tracks passing overhead; and in other instances the railroad crosses on an embankment which prevents the use of the street for traffic at that point.

The plaintiffs are the owners of two adjoining lots on Lincoln street. They face to the west. On the north side of the block in which the lots are located is Summer street, running east and west, and to the south Spring street, running in the same direction. An alley is at the rear of the lots. On Lincoln north of Summer the defendant crosses on an embankment and likewise south of Spring, making in each case what is commonly called a cul-de-sac. The plaintiffs have access to the east and west on the two streets mentioned and through them to the other portions of the city. Along the easterly side of the block runs a double track street railway. They have the quickest access to it through Summer and Spring streets which the plat affords. They are not inconvenienced by the embankments in reaching it; and by it, and through numerous other streets and cross streets, they get immediate connection with the central portion of the city. The plaintiffs to some extent are inconvenienced in the way of ingress and egress to and from their lots. They suffer damage. It differs in amount from that suffered by others. It is not special or different in kind. There is no question of nuisance involved. In such a situation our rule is that there is no recoverable damage. Shaubut v. St. P. & S. C. R. Co. 21 Minn. 502; Rochette v. C. M. & St. P. Ry. Co. 32 Minn. 201, 20 N. W. 140; Shero v. Carey, 35 Minn. 423, 29 N. W. 58; Gundlach v. Hamm,

62 Minn. 42, 64 N. W. 50; Guilford v. M. & St. L. R. Co. 94 Minn. 108, 102 N. W. 365; Painter v. Gunderson, 123 Minn. 323, 143 N. W. 910; Thorpe v. City of Ada, 137 Minn. 86, 162 N. W. 886; Reed v. Village of Hibbing, 150 Minn. 130, 184 N. W. 842; In re Hull, 163 Minn. 439, 204 N. W. 534, 205 N. W. 613, 49 A. L. R. 320; Erspamer v. Oliver I. Min. Co. 179 Minn. 475, 229 N. W. 583. The lots coming within a portion of the street which is a cul-de-sac both at the north and at the south suffer damages different in kind from the others. Vanderburgh v. City of Minneapolis, 98 Minn. 329, 108 N. W. 480, 6 L.R.A.(N.S.) 741. The fact that there is a cul-de-sac on Lincoln street south of Spring street and another in the block north of Summer street does not change the result. The damage suffered by the plaintiffs is in kind that suffered by a number of lot owners in the surrounding country. On the facts, Thorpe v. City of Ada, 137 Minn. 86, 162 N. W. 886, Reed v. Village of Hibbing, 150 Minn. 130, 184 N. W. 842, and In re Hull, 163 Minn. 439, 204 N. W. 534, 205 N. W. 613, 49 A. L. R. 320, are of particular value. And there may be added Reis v. City of New York, 188 N. Y. 58, 80 N. E. 573, 577.

2. The plaintiffs' lots are in the same platted portion of the city in which the embankments are. The plaintiffs claim that because of this they have a constitutional right that they be kept open and that the making of embankments is an infringement of this right. We think this is not so. The plat is a dedication of the streets to the public. An individual lot owner has a peculiar right in the part of the street in front of his lot dedicated by the plat; but he has not a like right in the other dedicated parts of the plat; nor a right that the whole of the streets be kept unobstructed. Guilford v. M. & St. L. R. Co. 94 Minn. 108, 102 N. W. 365; Reis v. City of New York, 188 N. Y. 58, 80 N. E. 573, 577.

Order affirmed.