## BINGHAM & *a. v.* JEWETT.

The house of representatives is sole judge of the returns, elections, and qualifications of its members. The court is not authorized to make an official roll that will determine the question of membership either finally or provisionally, or to render a judgment on that question.

BILL IN EQUITY, alleging among other things that the plaintiffs were chosen members of the house of representatives which is to assemble on the first Wednesday of January, 1891, and that the defendant is clerk of the house which will dissolve, by constitutional limitation, seven days before that day, and praying that he be enjoined from placing the names of certain persons upon the roll of members of the house of 1891 for its organization. The bill was filed and presented to two of the justices in vacation, and was by them adjourned for trial by the whole court at Concord, where evidence was introduced, and the case was argued and decided January 6, 1891.

J. M. Mitchell, H. W. Parker, O. E. Branch, J. S. H. Frink, C. F. Stone, and H. Bingham, for the plaintiffs.

E. Aldrich, F. S. Streeter, D. Hall, and W. L. Foster, for the defendant.

H. E. Burnham and F. N. Parsons, for three of the persons whose names the plaintiffs contended should not be upon the roll.

DOE, C. J.  " The house of representatives . . . shall be judge of the returns, elections, and qualifications of its members." Const., art. 22.  Attested copies of the town-clerk's records of the votes declared by moderators in the election of representatives (sometimes called credentials, or certificates of election—G. L., c. 35, ss. 2, 19) are returns.  Const., arts. 32, 42.  If the word " returns " had not been used in art. 22, the house, as judge of the election of its members, would have been judge of the returns of their election. . Being judge of the whole electoral question, it is judge of all evidence bearing on that question, including the returns, which are evidence of the votes officially declared in town-meeting.  The power of the " judge of the returns," which the constitution has vested in the house, cannot be transferred to the court by the house or the legislature.  State v. Hayes, 61 N. H. 264, 329 ; State v. Gilmore, 20 Kans. 551, 554 ; Cool. Con. Lim. 115 n., 137, 158, 504 ; Paine Elections, ss. 722–727.

The defendant, in his answer, " prays the advice, instruction, and decree of the court as to his duty ; and to that end he specially prays the court to inquire and ascertain what certificates will be presented, and to determine his duty in each of the forty cases named in the bill.  And he also prays the advice, instruction, and decree of the court as to the right of the town of Pittsburg to representation in the house of representatives, and as to his duty if a certificate of election of a member in that town should be presented."  As the plaintiffs' and defendant's united request, reinforced by express statutory approval and command, would not alter the constitution, it would not authorize the court to act as " judge of the returns," instead of the house, or with the house. A joint, or concurrent, or divided jurisdiction, exercisable in part

by the court and in part by the house, or in the first instance by the court and afterwards by the house on appeal, is not established by the provision that "the house . . . . . shall be judge of the returns."

The question of membership may be as important the first day and first moment of the first session as afterwards; and on that question the jurisdiction of the house is not less exclusive in its first act of organization than at any other time. Under the constitution in its present form, the court can have no more authority to make a roll of the house for use in the business of organization, than to make a roll for use during an entire session, or to determine in any other way who shall be allowed to vote on all questions that may come before the house during its official term. If the founders of the government had intended to give the court a part of the power which they vested in the house, they would have had no difficulty in expressing their purpose. The power could have been easily divided:—Provided, nevertheless, the supreme court shall be judge of the returns in making a provisional roll, which shall be conclusive on the question of membership until changed by the house.—The substance of such a proviso, expressed in any intelligible form, would have been a material modification of *art.* 22, and would have required the court to do what it has not done, and what no one has supposed it could do, during the one hundred and six years of the constitutional history of the state.

By judicial process, town-clerks may be compelled to perform their duty of making correct returns of the votes declared by moderators in town-meeting (*Felker* v. *Chesley, ante, p.* 381) for the use of the house. Compelling town-clerks to furnish returns as evidence to which the house is entitled, is an enforcement of law. The court's decision of the question whether, upon the returns, certain persons were or were not legally elected, and should or should not be on a roll of the house, would be a usurpation of the power of the house, which, as "judge of the returns, elections, and qualifications of its members," is judge of all questions of law and fact presented by the returns. A decree of the court commanding the defendant to place or not to place certain names upon the list described by the plaintiffs in the bill as "the roll of members of the house of 1891, for its organization," might not be a merely vain and fruitless thing. The enforcement of the decree would give that list a false appearance of judicial authority. *Smith* v. *Myers,* 109 Ind. 1, 9; *In re McNeill,* 111 Pa. St. 235. Without enforcement, the decree would be advice which cannot be given because the opinions of the justices have not been required under the seventy-fourth article of the constitution. 62 N. H. 704, 706; *In re School-Law Manual,* 63 N. H. 574, 576; 150 Mass. 601.

*Bill dismissed.*

BINGHAM, J., was absent: the others concurred.