Carmelo D'Angelo *et ux. vs.* Director of Public Works
for the State of Rhode Island.

JUNE 19, 1959.

Present: Condon, C. J., Roberts, Paolino and Frost, JJ.

CONDON, C. J.   This is a petition for the assessment of damages for the taking by the state of a portion of the petitioners' land abutting on Old County Road in the town of Smithfield.   After a jury trial in the superior court which resulted in a verdict for the petitioners in the sum of $4,520 they moved for a new trial on the usual grounds and for the reason that the damages were grossly inadequate.   The case is here on their bill of exceptions containing an exception to the trial justice's denial of such motion and sixty-three other exceptions to rulings on the admission of evidence, to portions of his charge to the jury, and to his refusal of certain requests to charge.

Although petitioners are pressing all of their exceptions and have grouped them under seven points designated in their brief by the letters A to G inclusive, we shall consider only exceptions numbered 52 and 61 which are relied upon in support of point E.   That point is stated by them as follows: "Was the Court in error in charging the Jury with respect to benefits that may accrue to a land-owner by a

taking of land, in the absence of competent evidence of benefits?"

It appears from the evidence that petitioners owned a tract of land comprising about thirty-one acres on Old County Road, which tract was undeveloped except for a single family dwelling. On September 19, 1955 for the purpose of reconstructing such road the state took a portion of the tract fronting thereon. The portion so taken varied in depth from six feet at one point to about eighty-five feet and extended for almost the entire length of the frontage of the tract on the road. Except for certain trees and a stone wall such portion was undeveloped. It further appears that after the reconstruction of the road there was a change of grade which resulted in a lowering of petitioners' remaining land in relation to the highway.

The principal bone of contention between the parties was whether such alteration of the grade and the taking of the aforesaid portion of land damaged the remaining portion, and if so to what extent. It would appear that respondent conceded there was some damage but not of the serious nature contended by petitioners, and that the benefits to them resulting from the improved, reconstructed, modern road offset to a substantial degree such probable damage. In answer to that contention petitioners claimed there was no evidence in the record of any special benefits inuring to them from the reconstructed road. Consistently with that view they objected to the trial justice instructing the jury with reference to benefits and they further specifically requested him to charge: "There is no evidence of any betterments to Petitioners' remaining land by the new road, and you may disregard that element in the case, i.e., you must not diminish any award for damages you may find by offsetting any betterments." The petitioners' exception 61 is to the refusal of the trial justice to grant such request.

Exception 52 is to certain portions of the charge where the trial justice referred to possible benefits arising from

the reconstruction of the road for which the state would be entitled to credit in diminution of any damages the jury might find for petitioners, and also where near the end of his charge he made further references to the possibility of benefits accruing to petitioners' remaining land by reason of a new, modern road in front thereof. However, he was careful to instruct the jury that he was not stating that there were such benefits but simply that they would be justified in allowing the state credit therefor if they found that such benefits resulted from the reconstruction of the road.

After examining those portions of the transcript to which the parties have directed our attention on this point and after carefully reading the trial justice's charge in its entirety, we are of the opinion that there is merit in petitioners' exceptions 52 and 61 and that they must be sustained. We found in the record no evidence of benefits within the intendment of the applicable law of this state upon which the portions of the charge to which objection was made could be predicated.

The applicable law on the precise issue here was clearly stated in *Allaire* v. *City of Woonsocket,* 25 R. I. 414, at page 416, as follows: "The measure of damages in a case of this sort is the market value of the land taken at the time when it was taken, together with any special and peculiar damages which may result to the remaining land of the abutter, less any special and peculiar benefits which may accrue to his remaining land. In other words, the owner of the land through which a highway is laid is entitled to full compensation for the damages which he may sustain thereby. And general benefits accruing to his other land cannot be regarded as part of the compensation. For it is only in case some special and peculiar benefits accrue to the remaining land that it can be treated as compensation to the extent of such benefits." See also 145 A.L.R., note VII-35, p. 268, for a further discussion of this issue.

The trial justice in the case at bar appears to have been familiar with the law as thus stated since near the end of his charge he so instructed the jury, but in other portions of the charge he seems to have misapprehended the nature of the benefits therein referred to and attributed them as capable of arising out of the replacement of the old road by a modern highway.

Apparently such is also the misapprehension of the respondent, for in his brief he answers the petitioners' contention as follows: "The record does contain testimony on this point. Petitioners chief witness, Mr. Pitochelli concedes that the new road is better than the one that was there before the taking. Petitioner himself testified that the old road, which was replaced, was an old winding road built at grade level, just oiled over and tarred. It was not a two lane road, 'though two machines could pass one another' presumably with caution and care. He admits the new highway is a 'modern road', substantially widened."

This is apparently the only evidence that the respondent was able to find in the record to support his claim that there were facts before the jury from which they could determine whether petitioners' remaining land received benefits that could be set off against damages thereto, if any, in accordance with the applicable law. It requires no argument to show that such evidence is not evidence of "special and peculiar benefits" as referred to in *Allaire* v. *City of Woonsocket, supra,* nor indeed is it evidence that measures up to the language in *Taber* v. *New York, Providence & Boston R.R.,* 28 R. I. 269, cited by the respondent. In that case the court stated at page 283 that only *special* benefits accruing to the remaining land by reason of the use to which the land taken was devoted could be considered in diminishing the petitioner's damages.

In the circumstances here it is plain that there is an entire absence of any evidence of benefits within the meaning of the applicable law upon which to predicate the charge

272

objected to by petitioners. It was, therefore, reversible error. "A charge to the jury must be applicable to the facts which have been presented before it in evidence." *State v. Saccoccio,* 50 R. I. 356, 362. In *Allaire* v. *City of Woonsocket, supra,* the court invoked this rule stating at page 416: "In the case at bar there is no evidence that any special benefits accrued to the remaining land of the appellant by reason of the layout in question, and hence it was error to instruct the jury that they could take any resulting benefits thereto into account in determining the question of damages."

Conceivably the error in the instant case might have been cured had the trial justice granted petitioners' request for the specific instruction which is the subject of their exception numbered 61. But whether it would have had such effect or not it was nevertheless a correct statement of the law and should have been granted. The refusal to so charge was a further compounding of the error inherent in the portion of the charge objected to by the petitioners and hence also constituted reversible error.

The petitioners' exceptions 52 and 61 are sustained, and the case is remitted to the superior court for a new trial.

*Arcaro & Belilove, Abraham Belilove,* for petitioners.

*J. Joseph Nugent,* Attorney General, *Alfred E. Motta,* Special Counsel, for State.