235 A.2d 81.

CONRAD CINQ-MARS *vs.* STANDARD CAB CO.

NOVEMBER 13, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This civil action for negligence raises two questions: first, whether the trial justice erred in denying the motion of the plaintiff for an unconditional new trial, a verdict having been returned for the defendant at the close of a jury trial in the superior court; and, second, whether error inhered in the refusal of the trial justice to instruct the jury on the doctrine of last clear chance as requested by the plaintiff. It is our opinion that no error inhered in either ruling.

The action was brought to recover damages for injuries sustained by plaintiff when a motor vehicle operated by him along Route 146, also known as the Eddie Dowling Highway, was in collision with a school bus owned by defendant and operated by one of its employees. The accident occurred in a light rain about 7:10 a.m. on the morning of January 21, 1964. Route 146 in the vicinity is a divided highway and runs more or less north and south. The two western lanes carry southbound traffic toward Providence, while two eastern lanes carry northbound traffic toward Woonsocket. The northbound and southbound lanes are divided by a median strip, and at the location of the accident the median strip is pierced by a paved crossover that connects the northbound and southbound lanes.

The evidence adduced through the testimony of defendant's driver discloses that he had been operating the bus

southerly along Route 146. As he approached the crossover, he turned right from the southbound lane into the driveway of a bait shop and gasoline station. There, he testified, he turned his bus in a semicircle and proceeded to a stop at the westerly edge of the southbound lanes in such a position that the bus stood approximately at right angles to said southbound lanes. He testified that he remained stationary while a truck moving southerly on the highway passed and then, upon looking to his left, he saw a line of traffic some distance away. He then proceeded to cross the southbound lanes into the connector and there came to a stop, with the front of his bus at the westerly edge of the northbound lanes and the body projecting across the two southbound lanes.

The plaintiff testified that at the time in question he was proceeding southerly along Route 146 and was driving rather slowly in the westerly lane. He testified that he entered the passing lane and started to pass a motor vehicle that was being operated along said route ahead of him. As he was passing this car, he looked into his rearview mirror and observed another car turning into the passing lane behind him. He then turned to look to the south again, and for the first time he saw the bus immediately in front of him, obstructing both lanes. He attempted to stop, but the collision resulted. He testified that when he first saw the bus, it was about 40 to 50 feet away, and there is some evidence in the record to the effect that at this time plaintiff was travelling about 40 miles per hour. He testified that he realized that he could not turn to the right because of the positions of the cars he had been passing and so attempted to turn left to avoid striking the bus. However, he was unable to do this, and the front end of his car came into collision with the front end of the bus.

We will consider first plaintiff's contention that the trial justice erred in denying his motion for new trial. This con-

tention is based primarily on his argument that the trial justice ignored the uncontradicted physical facts in denying the new trial. We are persuaded, however, that plaintiff is, in effect, contending that the trial justice failed to draw proper inferences from the evidence which he argues was uncontradicted. He further contends that the trial justice should have believed witnesses testifying as to the events of that morning who, plaintiff claims, were unbiased. An examination of the decision of the trial justice on this motion discloses that he exhaustively reviewed the evidence adduced on behalf of both parties and concluded therefrom that the jury properly found for defendant.

On a motion for new trial on the ground that the verdict is contrary to the weight of the evidence, the obligation of a trial justice is to pass upon the credibility of the witnesses and to weigh the evidence in an exercise of his independent judgment. *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836. From that decision it is clear, in our opinion, that in the instant case the trial justice complied with this obligation and concluded that the jury properly found defendant negligent and plaintiff contributorily negligent. In such circumstances this court will not disturb the decision of the trial justice unless it is made to appear that he was clearly wrong, that is, that he either overlooked or misconceived relevant and material evidence on a controlling issue. It is the burden of the moving party to establish that the trial justice was clearly wrong in so overlooking or misconceiving such evidence. *Labbe* v. *Hill Brothers, Inc.,* 97 R. I. 269, 197 A.2d 305.

The trial justice in this case made it clear in his lengthy discussion of the evidence that he recognized the conflicts inhering therein and had concluded that the evidence was so evenly balanced as to warrant reasonable men to reach different conclusions thereon. He concluded therefrom that the negligence of defendant and the contributory negligence

of plaintiff had been properly found on this evidence by the jury and that he would not, in the circumstances, substitute his judgment for that of the jury. Thus, in our opinion, he complied with the rule so frequently stated by this court that in such circumstances it would be error for a trial justice to substitute his conclusion for that of the jury even though he might be inclined to conclude to the contrary. *Turgeon* v. *Rocks,* 96 R. I. 353, 191 A.2d 606.

We attach significance to a further comment of the trial justice in his consideration of this motion that "* * * had I heard the case in the absence of the jury on a jury trial waived basis, my verdict would of necessity have had to be the same as the jury verdict * * *." This express and emphatic approval of the verdict by the trial justice is strongly persuasive of his recognition of his obligation that the verdict should be sustained unless in his own experienced judgment it fails to do substantial justice between the parties or respond to the true merits of the controversy. We have often said that expression of conviction on the part of a trial justice in such circumstances, absent unusual facts, requires this court to give it great weight. *Cf. Lancaster* v. *Marshall,* 69 R. I. 422, 34 A.2d 718.

There remains plaintiff's contention that the trial justice erred in refusing a requested charge on the doctrine of last clear chance. The doctrine of last clear chance as it is recognized in this state is set out in *New England Pretzel Co.* v. *Palmer,* 75 R. I. 387, 67 A.2d 39, wherein some of the limitations of its application are also made clear. At page 391, 67 A.2d at 42, this court said that the doctrine applied

> "* * * only where the evidence disclosed that the plaintiff had negligently placed himself or his property in a position of peril; that defendant thereafter had become aware or in the exercise of due care ought to have become aware of plaintiff's peril and his lack of comprehension of it or apparent inability to extricate himself from it; that the defendant if he had been

in the exercise of due care had a reasonable opportunity thereafter to avoid injuring the plaintiff; and that defendant failed to exercise such care."

The precise situation upon which plaintiff rests his argument that the doctrine has application refers to the fact that the operator of defendant's bus had come to a full stop in the driveway of a gasoline station on the westerly side of the southbound lanes and that its driver either knew or should have known, in an exercise of reasonable care, that plaintiff, operating along the southbound passing lane, was in a position of peril and defendant had a last clear chance to avoid the accident by refraining from driving his bus across the southbound lanes. In our opinion, the doctrine would have no application in these circumstances, it being clear that while the bus remained in the driveway, there was no antecedent negligence on the part of its operator which created the situation that put plaintiff into a position of peril.

The evidence here, however, discloses a situation in which the operator of the bus had driven it across the southbound lanes and stopped with the body of the bus projecting across and obstructing both southbound lanes, this while plaintiff was operating in a southerly direction at a speed of approximately 40 miles per hour and assumed, pursuant to the doctrine, to be contributorily negligent. The prime inquiry then is whether on the evidence the jury could have found that defendant did have a last clear chance to avoid the collision.

We have made an exhaustive examination of the transcript and find no evidence in the record from which a jury reasonably could find that at the time the bus driver became chargeable with knowledge of the peril in which plaintiff had placed himself he could have then acted in such a manner as to have averted the collision and the injury to plaintiff. The doctrine will not apply where "* * * there is nothing in the record to indicate that the evidence showed

the defendant thereafter had an existing opportunity, which he failed to exercise, to avert the consequences * * *" of his negligence, if any, and thereby avoid the accident. *Sanner* v. *Guard*, 236 Md. 271, 276, 203 A.2d 885, 888.

The specific error urged by the plaintiff in the instant case is that the trial justice erred in refusing to charge the jury on the doctrine of last clear chance. It is well settled in this state "* * * that the charge given to the jury must be applicable to the facts that have been adduced in evidence, *D'Angelo* v. *Director of Public Works*, 89 R. I. 267, 152 A.2d 211, and that a request for an instruction is properly denied where there is no basis for such an instruction in the evidence. *Myers* v. *Myers*, 63 R. I. 264." *New England Die Co.* v. *General Products Co.*, 92 R. I. 292, 302, 168 A.2d 150, 155. We are unable to agree with the plaintiff that the trial justice erred in refusing to charge the jury on the question of last clear chance. *Cf. Nystrom* v. *Eagle Cornice Co.*, 52 R. I. 80, 157 Atl. 574.

The appeal of the plaintiff is denied and dismissed, and the judgment appealed from is affirmed.

*Irving I. Zimmerman*, for plaintiff.

*Eugene J. Sullivan, Bernard F. McSally*, for defendant.