264 A.2d 921.

RODOLFO M. BARBONE *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

APRIL 30, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This petition for certiorari was brought to review a decision of the Zoning Board of Review of the City of Warwick granting an application for an exception or variance to permit the use of a tract of land in a Residence A-10 district for the construction of two 28-unit

apartment buildings and to vary area restrictions which the proposed buildings would violate. The writ issued and the pertinent records have been certified.

Although the application and the supporting documents filed by the landowners describe the kind and type of apartment buildings proposed to be constructed, they do not identify with specificity what area restrictions would require relaxation in order to permit the applicants to proceed with the development as proposed. Notwithstanding that omission, the board recited in the notice which it gave of the hearing on the application, as well as in the minutes of its proceedings and in its decision, that the permission applied for was to erect "* * * two 28-unit apartment buildings with less than required setback from rear lot line on property [and] with less than required frontage and area on southerly side of Toll Gate Road * * *." Perhaps equally pertinent to the application, but nowhere referred to by the board, is the restriction found in section 3.5 of the ordinance which apparently would prohibit the applicants from erecting more than one main residential building on the portion of the single lot[1] owned by them.

Because of our view of this case, it is only necessary to consider that portion of the record which favors the applicants. It discloses that they are the owners of an irregularly shaped parcel of real estate which is situated on the southerly side of Toll Gate Road in a Residence A-10 district where the permitted uses include detached single dwelling units, churches, schools, colleges, libraries, museums, farms, raising of crops, and accessory buildings and uses. The tract is unimproved except for a dilapidated building. It contains 3.62 acres, one acre of which consists of a pond and a stream. Real estate experts testified

---

[1]The application describes the land affected as a portion of lot 241 (now 318) on assessor's plat 246.

that it is impractical to utilize the site for single-family dwellings and that the "fullest use" of the land can be realized only if it is devoted to "multiple units"; they testified in addition that the proposed development would be compatible with and would not have an adverse effect upon the value of neighboring property. There was also evidence that the state health department has approved the sewage disposal systems for the planned buildings.

On the foregoing, the board granted the applicants permission to construct two apartment buildings, but limited the number of the dwelling units to 45 rather than 56 which had been requested. Concededly, the applicants were not entitled to a variance, and the board's action, if it is to be approved, must fall within circumscribing rules and standards established by the local legislature for the granting of exceptions. *Melucci* v. *Zoning Board of Review,* 101 R. I. 649, 651, 226 A.2d 416, 418; *Thomson Methodist Church* v. *Zoning Board of Review,* 99 R. I. 675, 679, 210 A.2d 138, 141.

In Warwick those guidelines appear in section 14.2.3 of the zoning ordinance which in substance provides that in appropriate cases and subject to appropriate safeguards and conditions the board may make a special exception to the terms of the ordinance where the same is reasonably necessary for the convenience and welfare of the public. That standard applies as well to a request for a relaxation of area restrictions as it does to a request for a variation from use restrictions. *Sun Oil Co.* v. *Zoning Board of Review,* 105 R. I. 231, 233, 251 A.2d 167, 169. To satisfy that standard demands a showing by competent evidence that neither the use proposed nor its location on the site selected will have a detrimental effect upon the public health, safety, welfare and morals. *Nani* v. *Zoning Board of Review,* 104 R. I. 150, 156, 242 A.2d 403, 406.

In this case the record of what transpired at the zoning

board hearings is sparse, and what little it contains relative to the board's power to act affirmatively on the application for an exception pertains to relief from the use rather than from the area restrictions. Indeed, the record is devoid of anything which even remotely suggests that the placement of the apartment buildings on the site in violation of the rear-yard setback and frontage restrictions will not result in conditions which will be inimical to the public health, safety, morals and welfare. That evidentiary void is fatal to the application.

Our conclusion that the board exceeded its authority when it relaxed the area restrictions is dispositive, and we refrain therefore from considering whether the landowners otherwise established their entitlement to the relief granted.

The petition for certiorari is granted, the decision of the board is quashed, and the records certified to this court are ordered returned to the board with our decision endorsed thereon.