[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on plaintiffs' petition for the assessment of damages pursuant to Rhode Island General Laws
1956 (1984 Reenactment) § 37-6-18. The dispute involves the amount of compensation Leonard J. and Anna Sholes ("Plaintiffs") are entitled to receive from the State of Rhode Island ("State") as a result of the State's condemnation of a portion of plaintiffs' land on August 23, 1984. The condemnation procedures employed by the State complied, in all respects, with the applicable statutory law.
The plaintiffs' land is Lot 28 on Department of Transportation Right of Way Plan 1990 on Warwick Avenue in Warwick, Rhode Island. The legal description is Lot 274 on Assessor's Plat 308. Prior to the taking by the State, the lot was 17,600 square feet, zoned for commercial use, and had a building with three businesses in it. On August 23, 1984 the State condemned 1,305 square feet ("SF") of plaintiffs' land in order to make improvements to Warwick Avenue. The State also took a two year temporary easement burdening 518 SF of the lot for which plaintiffs' are entitled to compensation. Plaintiffs accepted the State's offer of $3,588.75 and properly filed this petition for assessment of damages.
The only issue before the Court concerns the amount of damages plaintiffs are entitled to receive as a result of the taking.
In Rhode Island it is a well settled rule that where there is a partial taking by eminent domain the measure of damages is the value of the land taken plus the difference between the value of the remainder before the taking and the value of the remainder after the taking. Hetland v. Capaldi, 240 A.2d 155, 157 (R.I. 1968). Utilizing this method and applying the same to the testimony received at trial, this Court will assess plaintiffs' damages.
This Court, sitting without a jury, received evidence in the form of testimony and exhibits regarding the compensation the plaintiffs are entitled to receive. Plaintiffs presented Leonard J. Sholes, the owner of the property, who testified to the commercial use of the property. He further testified to the loss of six parking spaces and the need to cutback his sidewalk in order to maximize parking. Next, plaintiffs presented their expert, Peter Scotti, who testified to his appraisal methods in determining the amount of damages. Mr. Scotti used three comparables to determine the pre-taking value of the entire property. After making the necessary adjustments for each comparable, he valued the land, prior to the taking to be $222,000.[1] (Plaintiffs' Exhibit 12). He further determined that due to a decrease in the setback of the building from the road and a decrease in available parking, the value of the property, after the taking, had diminished by 15% or $33,300.[2] (Plaintiffs' Exh. 12).
Mr. Scotti also used four other comparables to determine the value of the 1,305 SF of land actually taken by the State. After making the necessary adjustments to the comparables, he determined the value of the land taken to be $9,500.[3]
(Plaintiffs' Exhibit 12). Mr. Scotti also determined the value of the temporary easement to be $800.[4] (Plaintiffs Exhibit 12).
On cross examination, Mr. Scotti admitted to have "double dipped" and subsequently recalculated the diminution in value to be $31,815.[5] The total amount of severance damages, according to Mr. Scotti's final calculations, are as follows:
 Diminution in value of land $31,875
 Value of land taken 9,500
 Value of Temporary Easement 800
 _______
 Total Severance Damages $42,175

The State presented their own expert, William J. McGovern, who, after analyzing and adjusting three comparables, determined that the pre-taking value of the property with improvements was $270,000.[6] (Defendant's Exhibit B at 12). Mr. McGovern determined that although vehicular maneuverability was slightly affected, this was not measurable in the market; therefore, no compensation was deemed necessary. (Defendant's Exhibit B at 19). After making adjustments to three other comparables, Mr. McGovern valued the portion of the land actually taken at $4,567.50.[7]
(Defendant's Exhibit B at 21). The total damages as assessed by Mr. McGovern are as follows:
 Value of land taken $4,567.50
 Value of Temporary Easement 300.00
 Diminution in value of land 0
 _________
 Total Severance Damages $4,867.50 = $5,000 (R)

Mr. McGovern, on cross-examination, made several admissions that damaged the credibility of his testimony. He admitted to neither personally checking out the parking prior to the taking nor consulting a traffic engineer. It was brought out that he was not aware that the sidewalk in front of the building had been cut back to make parking and maneuvering easier. Mr. McGovern was also not aware that the plaintiffs had to obtain a zoning change to accommodate parking in the rear of the building. He acknowledged, on cross-examination, the difficulty parking and loss of parking spaces.
The lack of personal knowledge and thoroughness exhibited by Mr. McGovern leads this Court to find his testimony to be less persuasive than that of Mr. Scotti. Accordingly, Mr. McGovern's testimony will be afforded little weight in this case. Although Mr. Scotti was much more thorough and knowledgeable, this Court finds that his figures were somewhat inflated. Therefore, this Court will assess the plaintiffs' damages by using what it feels to be the proper mix of Mr. Scotti's and Mr. McGovern's valuations.
The valuation of the land actually taken was assessed at somewhat of a high figure by Mr. Scotti and somewhat of a low one by Mr. McGovern. Although Mr. Scotti was more credible, the previously discussed imperfections in his testimony warrant a diminution in his figures by this Court. As a result, using a price per square foot closer to Mr. Scotti's valuation, this Court finds the land taken to be valued at $7,500.[9] This revaluation of the price per square foot would, in turn, cause the value of the temporary easement to be assessed at $650.[10]
The diminution in the value of the remaining land due to lost parking and lost frontage is not zero, as Mr. McGovern claims, nor can it account for a 15% decrease, as Mr. Scotti opined. It is the findings of this Court that the diminution of the remaining land is $21,450.[11] The total amount of compensation plaintiffs are entitled to receive as assessed by this Court, is as follows:
 Diminution in value of remaining land $21,450
 Value of land taken 7,500
 Value of Temporary Easement 650
 _______
 Total Severance Damages $29,600

For the reasons herein set out, this Court finds that as a result of the taking of plaintiffs' land by the State of Rhode Island on August 23, 1984 the plaintiffs are hereby awarded total damages in the amount of $29,600.
[1] Building size of 5,473 SF x $40.50/SF = $221,656.50 = $222,000 (R)
[2] $222,000 x 15% = $33,300.
[3] 1,305 SF x $7.25/SF = $9,461.25 = $9,500 (R)
[4] Year 1 (518 SF x $7.25/SF x 12%) = $450. Year 2 (518 SF x $7.25/SF) x 12% discounted at 10%) = $372 $450 + 372 = $822 = $800 (R)
[5] ($222,000 — 9,500) x 15% = $31,875.
[6] 5,030 SF x $53/SF = $268,180 = $270,000 (R)
[7] 1,305 SF x $3.50/SF = $4,567.50.
[9] 1,305 SF x $5.75/SF = $7,503.75 = $7,500 (R)
[10] ((518 SF x $5.75/SF) x 12%) + ((518SF x $5.75/SF) + 12% discounted at 10%) = $650 (R)
[11] ($220,000 — $7,500) x 10% = $21,450