[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this court is a petition for severance damages resulting from the State of Rhode Island's partial condemnation of a parcel of real estate owned by the petitioners. Jurisdiction in this court is pursuant to G.L. 1956 (1990 Reenactment) §37-6-18.
FACTS/BACKGROUND
Earle and Mary Louise Truesdell ("petitioners") own a parcel of real estate located at 914 Warwick Avenue, in Warwick. The property is bordered on the north by Grovedale Street and on the south by Urban Avenue. Said property contains certain improvements including a building, some trees situated between the building and Warwick Avenue, and an unimproved driveway running between the building and Warwick Avenue from Grovedale Street to Urban Avenue.
On November 13, 1986, as part of a project to widen Warwick Avenue, the State of Rhode Island condemned part of the property. The State took a strip of land fronting on Warwick Avenue and running the entire length of the property, from Grovedale Street to Urban Avenue. The parties agreed that the State should pay petitioners $10,870.00 for this strip of land.[1]
The parties have not been able to agree, however, whether the partial taking caused a compensable diminution in value to the remainder of the property. The petitioners argue that the partial taking caused a loss of seclusion and made access to the property more difficult. Petitioners contend that these factors reduced the remainder's value by $8,100.00 and that the State is liable for this additional amount. The State, however, argues that the remainder's value was not diminished. This issue — whether the State's partial taking caused a compensable diminution in value to the remainder — is now before this court.
DISCUSSION
It is well-settled that the owner of land that is partially condemned is entitled to be compensated for all of the damages he or she sustains as a result of the taking. Hetland v.Capaldi, 103 R.I. 614, 616, 240 A.2d 155, 157 (1968). The measure of damages is the value of the land taken at the time it was taken together with any special or peculiar damages which result to the remaining land. Id. The burden of proving damages, however, rests with the owner. Nasco Inc. v. Directorof Public Works, 116 R.I. 712, 721, 360 A.2d 871, 875 (1976).
In cases involving a partial taking, special or peculiar damages resulting to the remaining land are called "severance damages." See e.g., Warwick Musical Theatre, Inc. v. State,525 A.2d 905 (R.I. 1987). To maintain a claim for severance damages, a petitioner must value the entire tract of land involved, giving value to the portion taken and to the portion which remains.Nasco, 116 R.I. at 723, 360 A.2d at 877. Factors which may be considered when giving value to remaining land include loss of seclusion, Hetland, 103 R.I. at 618, 240 A.2d at 158, and loss or impairment of access. See Narciso v. State, 114 R.I. 53,328 A.2d 107 (1974). The measure of damages for impairment of access is the difference between the market value of the property before and immediately after such impairment. Id. at 60-61, 328 A.2d 111. The market value is based on the highest and best use of the property. Id.
When sitting as the fact finder in an eminent domain proceeding, a trial judge is obligated to determine the most convincing evidence and make factual determinations based on that evidence. Warwick Musical, 525 A.2d at 911. In discharging this duty, the trial justice is aided by certain rules relating to property valuation. Where the property being valued is not unique, the preferred method of valuation is the "comparable sales method" by which the value of property is determined by considering the sales prices of comparable properties. Id. at 910.[2] Whether a sale is "comparable" depends on the location and character of the property sold, proximity in time, and use to which the property is put. Id. The availability of such comparable sales is a question addressed to the discretion of the trial justice. Id.
A trial judge acting as fact finder in a case involving property valuation is further aided by rules governing expert testimony. An expert's valuation of a property must be predicated upon facts sufficient to form a basis for his or her conclusion.Kentucky Fried Chicken of Warren v. Flanders, 461 A.2d 927, 929 (R.I. 1983); Alterio v. Biltmore Construction Corp.,119 R.I. 307, 312, 377 A.2d 237, 240 (1977). Such facts must be stated.Id. Where an expert's opinion is based only upon the expert's "experience," not upon a proper factual foundation, that opinion is entitled to no weight. Nasco, 116 R.I. at 721, 360 A.2d at 876. The trial justice, in his or her discretion, may reject expert testimony regarding the value of real estate, Corrado v.Providence Redevelopment Agency, 110 R.I. 549, 557;294 A.2d 387, 390 (1972), or may adopt an expert's view as her own. Bellv. Cote, 84 R.I. 284, 289 (1956).
In attempting to meet their burden of proving severance damages, petitioners presented testimony from J. Clifden O'Reilly, a real estate expert. Mr. O'Reilly testified that the property was worth $190,000 before the partial taking and that it was worth $171,000 afterwards. Although he did not state facts upon which his opinions were based, he opined that $8,100 of the total diminution of $19,000 were severance damages. He acknowledged on cross-examination that his conclusions were not based on comparable sales, but on factors which he considered because of his "experience."
To prove severance damages, petitioners needed to prove the value of the property. Yet Mr. O'Reilly neither attempted to use the comparable sales method nor convince this court that another method of valuation should be acceptable. Furthermore, Mr. O'Reilly failed to state any hard facts in support of his opinions. For all of these reasons, especially the lack of a proper factual foundation, this court will not accord any weight to Mr. O'Reilly's opinions regarding the value of the property and the amount of severance damages.
The other evidence presented in this case also does very little to aid petitioners in sustaining their burden. Petitioners argued that an award of severance damages is supported by two factors: 1) loss of seclusion and, 2), impairment of access to the property. Petitioners claim a loss of seclusion will result from the partial taking because, to provide for adequate parking, trees between the building and Warwick Avenue will have to be destroyed. This claim rests on Mr. O'Reilly's testimony that the best place for parking would be in front of the building. Yet, again, Mr. O'Reilly did not provide the court with sufficient facts to support this testimony. He did not, for example, state why it would be any less advantageous to provide for parking on the sides of the building. Thus, petitioners have not demonstrated to this court that the partial taking necessarily will require the destruction of trees. Furthermore, any resultant loss of seclusion would be de minimus in light of petitioner's proposed commercial use of the property. Petitioners, therefore, have not proven that the partial taking has caused destruction of trees or loss of seclusion sufficient to warrant severance damages.
Petitioners' impairment of access arguments also are not supported by the evidence. The driveway's Grovedale entrance is now nineteen feet from Warwick Avenue. Ingress and egress from that entrance therefore would not be substantially hampered, if at all, by a car waiting to enter Warwick Avenue. The driveway's Urban Avenue entrance is now ten feet from Warwick Avenue. While it is possible that this entrance might be obstructed by a car waiting to enter Warwick Avenue, any such impediment would, at worst, be temporary. And, because the court had before it no evidence of traffic flow on Urban Avenue, it is impossible for it to determine that such temporary impediments would amount to more than a de minimus impairment of access. The petitioners have thus failed to prove impairment of access sufficient to warrant an award of severance damages from the State.
After considering petitioners' arguments in light of the expert testimony and other evidence presented, this court concludes that petitioners failed to sustain their burden of proof and are not entitled to damages.
Counsel shall prepare an appropriate order for entry by this court.
[1] Along with the strip of land, the State took a number of trees, a temporary construction easement, and a permanent aerial easement. The parties agreed that these takings were worth $2,411.88, resulting in a total payment by the State to the petitioners of $13,281.88.
[2] Although our Supreme Court has stated that where a property is not "unique" or of a "special purpose" the availability of comparable sales of similar properties makes the comparable sales method of valuation the best evidence thereof, and excludes other methods of valuation, Lataille v. Housing Authority ofWoonsocket, 107 R.I. 75 [109 R.I. 75], 79 (1971); Corrado v.Providence Redevelopment Agency, 117 R.I. 647, 653 (1977), this court will follow the language in the more recent Warwick Musical
case which provides that the comparable sales method is preferred in such cases.